*E-Filed: January 3, 2014*

HOGAN LOVELLS US LLP
Dean Hansell (Bar No. 93831)
Asheley G. Dean (Bar No. 245504)
Rachel A. Patta (Bar No. 273968)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California  90067
Telephone:   (310) 785-4600
Facsimile:    (310) 785-4601
dean.hansell@hoganlovells.com
asheley.dean@hoganlovells.com
rachel.patta@hoganlovells.com

Attorneys for Defendant
PVH Corporation

Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Daniel H. Chang (State Bar No. 183803)
dchang@diversitylaw.com
**DIVERSITY LAW GROUP, A Professional Corporation**
550 S. Hope Street, Suite 2655
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

(Additional Counsel on Next Page)

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Jessie Chavez, as an individual and on behalf of all others similarly situated,

                    Plaintiff,

v.

PVH Corporation, a Delaware Corporation,

                    Defendant.

Case No.  C 13-01797 LHK  (HRL)

[PROPOSED] **STIPULATED PROTECTIVE ORDER**
(MODIFIED BY COURT)

1   William L. Marder (State Bar No. 170131)
     bill@polarislawgroup.com

2   **POLARIS LAW GROUP**

3   501 San Benito Street, Suite 200
     Hollister, California 95023

4   (831) 531-4214

5   (831) 634-0333 facsimile

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

- 2 -     STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1
\\LA - 039936/000002 - 1059052 v2

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Jessie Chavez ("Plaintiff") and Defendant PVH Corp. ("Defendant"), through their counsel of record, jointly submit for the Court's approval this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action.

## GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that information not be designated as confidential solely for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. That intention notwithstanding, the parties anticipate that trade secrets, or confidential, proprietary, or private information (including health and medical information), or other information of a sensitive nature that is not generally known or readily accessible to the general public belonging to the parties or third persons will be produced or exchanged during the pendency of the above-captioned litigation. This confidential, proprietary or private information needs protection so that it is not publicly disclosed to the detriment of its owners. Examples of confidential, proprietary, or private information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a)     Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b)     Information related to internal operations and policies, including personnel information;

(c)     Trade secrets (as defined by the California Uniform Trade Secrets Act or by the law of the jurisdiction in which the information is located), or other confidential research, development or commercial information,

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

1    or information of a sensitive nature that is not generally known or

2    readily accessible to the general public;

3    (d)    Personal identification information; and

4    (e)    Personal health and medical information.

5    Unrestricted or unprotected disclosure of such confidential, proprietary, or

6    private information would result in prejudice or harm to the producing party by

7    revealing the producing party's competitive confidential information, which has

8    been developed at the expense of the producing party and which represents valuable

9    tangible and intangible assets of that party.  Additionally, privacy interests

10    (including with respect to personal identification information and/or medical and

11    health information of individuals) must be safeguarded.

12    Accordingly, the parties respectfully submit that there is good cause for the

13    entry of this Protective Order.

14

15    ///

16    ///

17    ///

18

19

20

21

22

23

24

25

26

27

28

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this civil action.

1.     This Protective Order shall govern the production and handling of documents, data, communications, electronically stored information and documentation associated therewith, answers or responses to interrogatories, requests for documents, requests for admissions, testimony at depositions, associated transcripts and exhibits, pleadings and associated exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all information and documents, regardless of media, exchanged between the parties, or produced by any third party, whether voluntarily, in response to discovery requests or subpoenas, or otherwise and irrespective of whether the production, answers to written discovery, pleadings or discovery were conducted before or after entry of this Protective Order.

2.     "Confidential Information" shall mean and collectively refer to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Protective Order.  The designation "CONFIDENTIAL" shall be limited to information, regardless of the form in which such information is disclosed, that any disclosing party, including any non-party to this action, in good faith, believes to contain (a) proprietary or commercially sensitive information; (b) information that is the subject of a non-disclosure or confidentiality agreement or obligation; (c) current or past (to the extent they reflect on current) methods, procedures and processes relating to the disclosing party's respective business practices and internal operations and policies; (d) Plaintiff's health and medical information, including, but not limited to, information regarding medical diagnosis and treatment; and (e) information, including but not limited to financial information, that should otherwise be subject to confidential treatment. The designation "CONFIDENTIAL" does not include information or materials

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -     STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

available to the public through means other than disclosure by parties or non-parties in violation of this Protective Order.

3. Information to be treated under this Protective Order as Confidential Information shall include:

(a) information furnished voluntarily or set forth in response to discovery requests, provided that the information or responses are plainly marked or otherwise identified by the producing party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," including Confidential Information retroactively designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information as permitted by Sections 19 through 22 of this Protective Order;

(b) information derived from or set forth in documents made available for inspection by the producing party voluntarily or under Rules 26, 33, 34 or 36 of the Federal Rules of Civil Procedure, or pursuant to subpoena, and that are identified, at the time of inspection, as comprising Confidential Information;

(c) information derived from or set forth in any copies of documents produced to the discovering party, voluntarily or under Rules 26, 33, 34 or 36 of the Federal Rules of Civil Procedure, provided that the copies are marked by the producing party, preferably at the lower edge of each page, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", including Confidential Information retroactively designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information as permitted by Sections 19 through 22 of this Protective Order;

(d) information revealed by inspection of things or premises, voluntarily or under Rule 34 of the Federal Rules of Civil Procedure provided that, prior to the inspection, the party permitting inspection states in writing that its Confidential Information will be disclosed by the inspection and specifies, in writing, the general nature, categories, or parts of the things, or those general areas of the premises, in which its Confidential Information will be revealed;

(e)     information revealed during depositions upon oral examination under Rule 30 of the Federal Rules of Civil Procedure or pursuant to subpoena, except that the information revealed during any particular deposition shall cease to be Confidential Information thirty (30) days after the deposition transcript becomes available, unless before the thirty (30) day period has expired, the witness, his employer or his counsel designates either on the record or in writing that Confidential Information of the witness, or his employer, which is set forth in the transcript, or identifies either on the record or in writing the portions of the transcript that set forth that Confidential Information.  In the case of non-party witnesses, either a party or the non-party witness may designate information revealed as Confidential Information within thirty (30) days after the deposition transcript becomes available.  Information contained in deposition transcripts that became available before the date of entry of this Protective Order may be designated as Confidential Information within thirty (30) days after entry of this Protective Order; and

(f)     any summary, digest, analysis or comment on any information identified in categories (a) - (e).

4.     Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

(a)     a party, or officer, or current employee of a party, who has executed a Certification attached hereto as Exhibit A;

(b)     in-house counsel of a named party;

(c)     outside counsel representing a named party, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d)     court reporters, videographers, interpreters, translators, copy services, graphic support services, document imaging services and database/coding services retained by counsel to assist with this action;

(e)   actual or potential experts or consultants who are retained by any attorney described in Paragraphs 4(b) or (c) to assist with this action, and who execute a Certification attached hereto as Exhibit A;

(f)   a person who prepared, received or reviewed the "CONFIDENTIAL" information prior to its production in the above-captioned action;

(g)   during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s), or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL", or the specific events, transactions, discussions or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(h)   Non-party witnesses or persons to be interviewed in the investigation of the above-captioned matter, to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense or settlement of the above-captioned matter, and provided such witnesses or persons execute a Certification attached hereto as Exhibit A;

(i)   any private mediators used in this action; and

(j)   the Court, and any Special Masters and/or Mediators appointed by the Court.

5.   The designation "HIGHLY CONFIDENTIAL" shall be limited to information, regardless of the form in which such information is disclosed, that any disclosing party, including non-parties to this action, in good faith, believes to contain (a) non-public, personal or other Confidential Information relating to or concerning current and/or former employees of any party, including personal identification information; (b) trade secrets (as defined by the California Uniform Trade Secrets Act or by the law of the jurisdiction in which the information is

located), or other confidential research, development or commercial information, or information of a sensitive nature that is not generally known or readily accessible to the general public; (c) other "CONFIDENTIAL" information (as defined in Paragraph 2), the disclosure of which is likely to cause competitive or commercial injury to the disclosing party; (d) financial, technological, operational, sales, marketing, pricing and/or other proprietary information relating to any party's business that is not publicly available or known and that would be of benefit to a competitor of the disclosing party; and (e) such other information, documents and/or data within any party's possession, custody or control as to which the disclosing party believes that it has a legal obligation to protect its confidentiality. See Paragraphs 5.1 and 5.2 on page 7.1.

6.  Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a)  outside counsel of record, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(b)  court reporters, videographers, translators, copy services, graphic support services, document imaging services and database/coding services retained by counsel to assist with this action;

(c)  potential or actual experts or consultants who (i) are retained by any attorney described in Paragraphs 4(b) and (c) to assist with this matter, and (ii) who execute a Certification attached hereto as Exhibit A;

(d)  a person who prepared, received or reviewed the "HIGHLY CONFIDENTIAL" information prior to its production in the above-captioned matter, with respect to such information only;

(e)  during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document

United States District Court
For the Northern District of California

5.3.   Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiable within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

704"""O cvgtkcn'eqpvckpkpi "kphqto cvkqp"kp'yj g'ecvgqi tkgu'f guetkdgf "kp"Rctci tcr j "7"cdqxg"o c{ "qpn{ "dg' f guki pcvgf "cu'\$J KI J N{ "EQP HKF GP VKCN\$"kh'f kuenquwtg"vq"cpqyj gt"r ctv{ "qt"pqp/r ctv{ "y qwnf "etgcvg' c "uwduvcpvkcn'tkun'qh'ugtkqwu'j ctm "yj cv'eqwnf "pqv'dg"cxqkf gf "d{ "rguu'tguvtkevkxg"o gcpu0"Qyj gty kug" uwej "kphqto cvkqp"o c{ "qpn{ "dg"f guki pcvgf "cu'\$EQP HKF GP VKCN0\$

1  designated "HIGHLY CONFIDENTIAL" or specific events, transactions,

2  discussions or date reflected in the document, provided such witness executes a

3  Certification attached hereto as Exhibit A;

4      (f)   any private mediators utilized in this action;

5      (g)   the Court, and any Special Masters and/or Mediators appointed

6  by the Court.

7      7.   All information designated "CONFIDENTIAL" or "HIGHLY

8  CONFIDENTIAL" in accordance with the terms of this Protective Order and

9  disclosed, produced or exchanged in the course of this action shall be used or

10  disclosed solely for the purpose of this action, and in accordance with the

11  provisions of this Protective Order.  Such "CONFIDENTIAL" or "HIGHLY

12  CONFIDENTIAL" information shall not be used for any business purpose, or in

13  any other litigation or proceeding, or for any other purpose, except as authorized by

14  order of this court.  The foregoing notwithstanding, this Protective Order has no

15  effect on, and shall not extend to, any party's use of its own Confidential

16  Information.

17      8.   If a party receiving Confidential Information, including, without

18  limitation, its employees, agents or consultants, is compelled to disclose any of a

19  disclosing party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

20  information pursuant to applicable law, rule, regulation, court order or subpoena

21  (each a "Requirement"), the receiving party shall promptly notify the disclosing

22  party of any such Requirement, and shall cooperate with the disclosing party to

23  obtain a protective order or other appropriate arrangement pursuant to which the

24  confidentiality of the disclosing party's "CONFIDENTIAL" or "HIGHLY

25  CONFIDENTIAL" information is preserved.  Provided that the

26  producing/disclosing party makes a timely motion or other application for relief

27  from the Requirement in the appropriate forum, the person or party subject to the

28  subpoena, or other request, shall not produce or disclose the requested information

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -    STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

without the consent of the disclosing/producing party, or until ordered to do so by a court of competent jurisdiction.  If such an order or arrangement is not obtained, the receiving party shall disclose only that portion of the disclosing party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information as is required pursuant to such Requirement.  Any such required disclosure shall not change the status of the disclosed information as the disclosing party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information under the terms of this Protective Order.

9.     Counsel shall provide each person to whom they disclose, or give access to, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, a copy of this Protective Order and shall advise each such person of his or her obligation to comply with the terms of the Protective Order.  Each person who has received or been given access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information pursuant to Paragraphs 4(a), (e), (g) and (h) or Paragraphs 6(c) or (e) shall sign the Certification attached hereto as Exhibit "A."  Persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information are prohibited from disclosing it to any person, except in conformance with this Protective Order. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information agrees to subject himself or herself to the jurisdiction of this Court for the purposes of any proceedings relating to the performance of, compliance with or violation of this Protective Order.  Counsel shall maintain a file of all executed Certifications pursuant to this Protective Order. The Court will retain jurisdiction to enforce the terms of this Protective Order for a period of 6 months after final disposition.

10.   The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall maintain such information in a secure and safe area, and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information.

11.   In designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or testifying party or person, including third

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -          STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

parties, will make such designation only as to that information that it, in good faith, believes is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

12.   All or any part of a document, tangible item, discovery response or pleading disclosed, produced or filed by any party or person in the above-captioned matter may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated.  With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by written notice at the time of disclosure, production or filing to the party to which disclosure is made that such tangible item is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Electronically stored information produced in a format that does not permit the disclosing party to affix an appropriate confidentiality legend to each piece of data shall have the appropriate confidentiality designation made in a transmittal letter that accompanies the production of such material and, to the extent practical, the disclosing party shall affix an appropriate legend on the media on which such data is produced.

13.   Deposition testimony and exhibits (or portions thereof) of any witness that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be labeled as follows:  If any portion of a videotaped deposition is so designated, the videocassette, other videotape, CD ROM, DVD or other container shall be labeled with the appropriate legend.  For testimony or exhibits designated as Confidential Information after receipt of the deposition transcript, the deponent, his/her counsel or any other designating party shall serve on all counsel a list of the page and line numbers of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld.  In the

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -        STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

1   event of a dispute as to a request for a shortened time period, the parties shall ~~first~~
    comply with the undersigned's Standing Order re: Civil Discovery Disputes.

2   ~~try to resolve the dispute in good faith on an informal basis.  If the dispute cannot~~

3   ~~be resolved within five (5) business days, the party requesting the shortened time~~

4   ~~period may request appropriate relief from the Court.~~  The parties agree, subject to

5   Court approval, that such relief sought can be in the form of a telephone conference

6   to be scheduled at the Court's earliest convenience with the objective of obtaining a

7   prompt resolution of the dispute.

8         14.  If a party wishes to file with the Court any documents or pleadings that

9   constitute or contain information designated as "CONFIDENTIAL" or "HIGHLY

10  CONFIDENTIAL" pursuant to this Protective Order, then that party must, prior to

11  filing such documents or pleadings, move the Court for an order sealing such

12  documents or pleadings in compliance with the requirements of Local Rule 79-5,

13  which is hereby fully incorporated by reference.

14        15.  At the request of a disclosing party, the Court may limit or restrict any

15  person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY

16  CONFIDENTIAL" information from attending any hearing or deposition at which

17  such information is revealed.  Any such request by a disclosing party must comply with the
    undersigned's Standing Order re: Civil Discovery Disputes.

18        16.  Nothing in this Order shall be construed in any way as a finding that

19  information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

20  actually is Confidential Information.  Any party may object, in writing, to another

21  party's or a non-party's designation by specifying the information at issue and the

22  grounds for questioning the designation.  A party shall not be obligated to challenge

23  the propriety of a designation at the time made, and a failure to do so shall not
                    unless a prompt challenge is necessary to avoid foreseeable harm.

24  preclude any subsequent challenge.  In the event that any party to the above-

25  captioned matter disagrees at any time with the designation by the disclosing party,

26  the parties shall try first to resolve said dispute in good faith on an informal basis.
                                                                    Parties shall
27  If the Parties cannot resolve a challenge without court intervention, the ~~Designating~~
    comply with the undersigned's Standing Order re: Civil Discovery disputes.

28  ~~Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7~~

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -        STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

~~(and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable)~~

~~within 21 days of the initial notice of challenge or within 14 days of the parties~~

~~agreeing that the meet and confer process will not resolve their dispute, whichever~~

~~is earlier. Each such motion must be accompanied by a competent declaration~~

~~affirming that the movant has complied with the meet and confer requirements~~

~~imposed in the preceding paragraph.~~  Failure by the Designating Party to ~~make such~~ timely seek judicial intervention ~~a motion including the required declaration within 21 days (or 14 days, if applicable)~~ shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may ~~file a motion~~ seek relief with respect to ~~challenging~~ a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. ~~Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.~~ The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to ~~file a motion~~ seek relief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

17.   Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the above-captioned matter.  This Protective Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

18.   Nothing in this Protective Order shall bar or otherwise restrict any attorney from advising his or her clients with respect to the above-captioned matter and in the course thereof, referring to or relying upon the attorney's examination of

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 12 -     STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information so long as the attorney does not disclose "HIGHLY CONFIDENTIAL" information or its contents in the course of such advice – except as and to the extent permitted by this Protective Order.

19.   The inadvertent or mistaken disclosure by a disclosing party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that is unmarked or incorrectly designated shall not constitute a waiver of any claim of confidentiality where:  (a) the disclosing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure, and (b) within thirty (30) days of such notice, the disclosing party provides properly re-designated documents to the receiving party.  During the thirty (30)-day period after notice, the materials shall be treated as designated in the disclosing party's notice.  Upon receipt of properly re-designated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the disclosing party within five (5) business days, including any copies thereof.  The receiving party shall not retain originals or copies of unmarked or incorrectly designated materials and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the disclosing party's notice.  All such unmarked or incorrectly designated information that is maintained or reflected in computer databases, backup tapes, or any other electronic form shall be erased by the receiving party in a manner that renders the information irretrievable by the receiving party and any other person or entity.

20.   Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized to receive it under this Protective Order, then the receiving party shall:

1   (a) use its best efforts to obtain the return of any such

2 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, and to bind

3 such person or party to the terms of this Protective Order;

4   (b) immediately upon the discovery of such disclosure, but no later

5 than one (1) day therefrom, inform such person who received such information of

6 all provisions of this Protective Order and identify such person or party to the

7 disclosing party; and

8   (c) request that such person or party sign the Certification attached

9 hereto as Exhibit A.  The executed Certification shall be served upon counsel for

10 the disclosing party within ten (10) business days of its execution by the party to

11 whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information was

12 inadvertently disclosed.  Nothing in this Paragraph is intended to limit the remedies

13 that the disclosing party may pursue for breach of this Protective Order.

14  21. Federal Rule of Evidence 502 applies to this Protective Order.  The

15 inadvertent or erroneous disclosure and/or production of documents claimed to be

16 subject to either the attorney-client privilege or work product doctrine does not

17 waive the applicability of such privilege or doctrine, either generally or relative to

18 the inadvertently or erroneously disclosed and/or produced documents.  If any such

19 documents are inadvertently or erroneously disclosed to the receiving party by the

20 producing party, and the requirements of Federal Rule of Evidence 502(b) have

21 been satisfied, the producing party may request that the receiving party return such

22 documents to the producing party, and the receiving party must immediately

23 comply by, to the extent reasonably practicable and consistent with the technology

24 used by the producing party to produce the documents, returning such documents

25 and destroying any copies, notes or memoranda concerning the privileged

26 information.  If, however, the receiving party disagrees with the claim that the

27 documents were inadvertently or erroneously produced, with the claim of privilege

28 or work-product protection, or with the claim that otherwise privileged or work-

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -  STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

product documents are entitled to privilege or protection, as to each allegedly

inadvertently or erroneously disclosed and/or produced document, the receiving

party may object to the return of the document by giving written notice to the party

claiming the privilege and inadvertent production.  The written notice shall identify

the document to which the objection is made.  If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall

be the obligation of the party claiming the privilege, protection or inadvertent /

erroneous production to ~~file an appropriate motion~~ seek judicial relief per the undersigned's Standing Order re: Civil Discovery Disputes requesting that the Court

determine the validity of the privilege, protection or inadvertent / erroneous

production claim within five (5) court days after the expiration of the ten (10) day

meet and confer period.  If the party claiming the privilege, protection or

inadvertent / erroneous production fails to file such a motion within the prescribed

time, the receiving party may retain the disputed document, which shall not

thereafter be treated as privileged or protected.  In connection with a ~~motion~~ DDJR filed

under this provision, the party claiming the privilege, protection or inadvertent /

erroneous production shall bear the burden of establishing that good cause exists for

the disputed document to be treated as privileged or protected and inadvertently or

erroneously produced.  The parties agree that steps taken by a producing party to

prevent any inadvertent or erroneous disclosure shall not be grounds to claim that

such disclosure creates a waiver of privilege.  The parties further agree that any

delay in the discovery of inadvertently or erroneously disclosed privileged

information by the producing party shall not be grounds to claim that the privilege

is waived.  The disputed document shall be treated as privileged or protected and

inadvertently or erroneously produced until either the Court rules on the ~~motion~~ DDJR

filed under this provision, or the time for ~~filing such a motion~~ seeking judicial relief has expired.  The

parties acknowledge that issues of privilege may also arise under foreign law and/or

may be litigated in the foreign proceedings.  Nothing in this agreement is intended

to affect any party's right to claim privilege or work product protection in the

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -          STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

1  foreign proceedings, or any counter argument or argument of waiver in respect of

2  any such claim.

3      22.  If, in connection with the above-captioned matter, a party discloses

4  information subject to a claim of attorney-client privilege or attorney work product

5  protection ("'Disclosed Protected Information"), the disclosure of the Disclosed

6  Protected Information shall not constitute or be deemed a waiver or forfeiture of

7  any claim of privilege or work product protection that the disclosing party would

8  otherwise be entitled to assert with respect to the Disclosed Protected Information

9  and its subject matter.  A disclosing party may assert in writing attorney-client

10  privilege or work product protection with respect to Disclosed Protected

11  Information.  The receiving party shall, within five business days of receipt of that

12  writing, return or destroy all copies of the Disclosed Protected Information and

13  provide a certification of counsel that all such Disclosed Protected Information has

14  been returned or destroyed.  Within five business days of the notification that such

15  Disclosed Protected Information has been returned or destroyed, the disclosing

16  party shall produce a privilege log with respect to the Disclosed Protected

17  Information.  The receiving party then may ~~move the Court~~ seek judicial relief in compliance with the undersigned's Standing Order for an Order

18  compelling production of the Disclosed Protected Information (a "Privilege

19  Motion") and shall not assert as a ground for entering such an Order the fact or

20  circumstances of the inadvertent production.  The ~~moving party~~ parties, however, shall first

21  request, pursuant to Local Rule 79-5, the Court to order that the ~~Privilege Motion~~ DDJR

22  be filed under seal.  The disclosing party retains the burden of establishing

23  privileged or protected nature of any Disclosed Protected Information.  Nothing in

24  this paragraph shall limit the right of any party to petition the Court for an in

25  camera review of the Disclosed Protected Information.  If, at trial, at a hearing, at a

26  deposition or on a motion, a disclosing party marks for identification or offers into

27  evidence Disclosed Protected Information — or proffers or elicits testimonial or

28  other evidence that incorporates or relies on Disclosed Protected Information,

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -        STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

including evidence within Federal Rule of Evidence 703 — that act shall be deemed to effect a waiver and forfeiture by the disclosing party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter, within Federal Rule of Evidence 502(a).  The preceding sentence shall not apply to (i) proceedings to determine whether the Disclosed Protected Information is privileged or protected or subject to discovery or disclosure, or (ii) Disclosed Protected Information that is marked for identification, offered into evidence or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.  The parties expressly agree, in order to save the significant expense and burden of pre-production privilege review, that a party may produce its information, including without limitation hard copy and electronic documents and electronic data without first reviewing such materials for work product or attorney client privilege and that such a production will not in any manner constitute a waiver of privilege or work product protections.

23.   A disclosing person or entity who is not a party in the above-captioned matter may invoke and take advantage of and thereupon shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving same on all counsel of record.  Thereafter, a disclosing person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" testimony, information, documents or things that such disclosing person or entity has produced or provided in the above-captioned matter.  Any non-party electing to invoke and take advantage of the provisions of this Protective Order by doing so irrevocably consents to the personal jurisdiction of this Court to exclusively adjudicate any dispute arising under or in connection with this Protective Order. The Court will retain jurisdiction to enforce the terms of this Protective Order for six months after final disposition.

24.   The parties agree that after final termination of this action, including the resolution of all appellate proceedings, outside counsel for each named party may each retain one copy of deposition transcripts and exhibits, court transcripts and

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -          STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

exhibits, and documents and other materials submitted to the Court.  Such materials shall continue to be treated as designated under this Protective Order.  Nothing herein shall require the return or destruction of attorney work product.

25.   The parties agree that within sixty (60) days after the final termination of the above-captioned matter, each party that has received, and counsel for all parties (including their paralegals, assistants, and stenographic and clerical employees) who have received, and experts and consultants, potential or actual, for all parties who have received "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall either (a) return all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information; or (b) certify destruction thereof to the disclosing party's counsel.  All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information maintained in or reflected in computer databases, backup tapes, or any other electronic form shall be erased by the receiving party in a manner that renders all such information irretrievable by the receiving party and any other person or entity.

26.   The Court and its personnel are not obligated to destroy or return "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, or other information or documents that are filed under seal.  Further, the Court and its personnel are not obligated to destroy or return materials subject to the attorney-client privilege and/or work product protection filed under seal.  Court personnel who receive such information are not required to sign this Protective Order.

27.   Nothing in this Protective Order shall allow non-testifying experts and consultants to be deposed or otherwise be the subject of discovery other than as provided under the Federal Rules of Civil Procedure.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -        STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

28.   Nothing in this Protective Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or for a modification of this Protective Order.

**IT IS SO ORDERED.**

DATE: __January 3_____, ~~2013~~2014

_____

~~THE HON. LUCY H. KOH~~
~~UNITED STATES DISTRICT~~
~~COURT JUDGE~~
UNITED STATES MAGISTRATE JUDGE
HOWARD R. LLOYD

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

\LA - 039936/000002 - 1059052 v1

1

## **STIPULATION**

2      IT IS HEREBY STIPULATED by and among the parties, through their

3  respective counsel, this Honorable Court consenting, that the foregoing Stipulated

4  Protective Order may be entered in this action.

5

6  Dated:  August 19, 2013          HOGAN LOVELLS US LLP

7

8                                    By: /s/ Dean Hansell

9                                        Dean Hansell
                                         Asheley Dean
10                                       Rachel Patta
                                         Attorneys for Defendant
11                                       PVH CORPORATION

12

13  Dated:  August 19, 2013          DIVERSITY LAW GROUP

14

15

16                                   By: /s/ Larry W. Lee (with authorization)

17                                       Larry W. Lee
                                         Daniel H. Chang
18                                       Attorneys for Plaintiff
                                         JESSIE CHAVEZ

19

20

21  Dated:  August 19, 2013          POLARIS LAW GROUP

22

23

24                                   By: /s/ William A. Marder (with authorization)

25                                       William A. Marder
                                         Attorneys for Plaintiff
26                                       JESSIE CHAVEZ

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -      STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

\LA - 039936/000002 - 1059052 v1

- 21 -        STIPULATION AND PROTECTIVE ORDER

1   HOGAN LOVELLS US LLP
    Dean Hansell (Bar No. 93831)
2   Asheley G. Dean (Bar No. 245504)
    Rachel A. Patta (Bar No. 273968)
3   1999 Avenue of the Stars, Suite 1400
    Los Angeles, California  90067
4   Telephone:   (310) 785-4600
    Facsimile:   (310) 785-4601
5   dean.hansell@hoganlovells.com
    asheley.dean@hoganlovells.com
6   rachel.patta@hoganlovells.com

7   Attorneys for Defendant
    PVH Corporation
8
    Larry W. Lee (State Bar No. 228175)
9   lwlee@diversitylaw.com
    Daniel H. Chang (State Bar No. 183803)
10  dchang@diversitylaw.com
    DIVERSITY LAW GROUP, A
11  Professional Corporation
    550 S. Hope Street, Suite 2655
12  Los Angeles, California 90071
    (213) 488-6555
13  (213) 488-6554 facsimile

14  Attorneys for Plaintiff and the Class

15  (Additional Counsel on Next Page)

16

17              UNITED STATES DISTRICT COURT FOR THE

18              NORTHERN DISTRICT OF CALIFORNIA

19

20  Jessie Chavez, as an individual and on        Case No.  C 13-01797 LHK
    behalf of all others similarly situated,
21                                                **ACKNOWLEDGEMENT OF**
                        Plaintiff,                **STIPULATED PROTECTIVE**
22                                                **ORDER**
    v.
23
    PVH Corporation, a Delaware
24  Corporation,
25                      Defendant.

26

27

28

                              - 22 -      STIPULATION AND PROTECTIVE ORDER
\LA - 039936/000002 - 1059052 v1

1

William L. Marder (State Bar No. 170131)

2

bill@polarislawgroup.com

**POLARIS LAW GROUP**

3

501 San Benito Street, Suite 200

Hollister, California 95023

4

(831) 531-4214

5

(831) 634-0333 facsimile

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 23 -       STIPULATION AND PROTECTIVE ORDER

\LA - 039936/000002 - 1059052 v1

1       By my signature, I hereby acknowledge that I have read the Stipulated

2  Protective Order, dated _____, 2013 (the "Protective Order") entered in Jessie

3  Chavez, individually and on behalf of all others similarly situated v. PVH

4  Corporation pending in the United States District Court for the Northern District of

5  California and hereby agree to abide by the obligations and terms thereof.  I further

6  agree that to the extent that my employees are provided with "CONFIDENTIAL"

7  or "HIGHLY CONFIDENTIAL" Designated Materials, I will instruct such

8  employees regarding the terms of the Protective Order.  I further agree to subject

9  myself to the jurisdiction of the United States District Court for the Northern

10  District of California with respect to all matters relating to compliance with the

11  Protective Order.

12

13  Dated: _____   _____

14                                        (Signature)

15                                        _____

16                                        (Print Name)

17

18

19

20

21

22

23

24

25

26

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\LA - 039936/000002 - 1059052 v1

- 24 -    STIPULATION AND PROTECTIVE ORDER