1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

JESSIE CHAVEZ, as an individual and on
behalf of all others similarly situated,

    Plaintiff,

  v.

PVH CORPORATION, a Delaware corporation,
TOMMY HILFIGER RETAIL, LLC, and PVH
RETAIL STORES LLC,

    Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 13-CV-01797 LHK

ORDER DENYING MOTION TO
INTERVENE

   Plaintiff Jessie Chavez ("Plaintiff") filed this putative class action on behalf of herself and others similarly situated against Defendants PVH Corporation, Tommy Hilfiger Retail, LLC, and PVH Retail Stores LLC, (collectively, "Defendants") for various violations of California labor laws. Before the Court is Proposed Intervenors Jodi Scott-George and Melissa Wiggs's ("Proposed Intervenors") motion to intervene, as well as Jeffrey Lapan, Ashwin Chandra, Dakkar Hunter, and Danah Lapan's joinders to the motion to intervene. Having considered the parties' and Proposed Intervenors' submissions, the relevant law, and the record in this case, the Court DENIES Proposed Intervenors' motion to intervene.

## I.    Background

Three different groups of plaintiffs filed three separate putative class actions against PVH Corporation and other related Defendants within a nine-month period from January 2013 to October 2013. Proposed Intervenors Scott-George and Wiggs filed the first putative class action complaint against PVH Corporation in Nevada County Superior Court on January 29, 2013, which was removed to the Eastern District of California on March 5, 2013. In the instant case, Plaintiff Chavez filed this putative class action against Defendants on March 20, 2013 in Santa Clara County Superior Court, which Defendants removed to the Northern District of California on April 19, 2013. ECF No. 1. Jeffrey Lapan and Ashwin Chandra filed the third putative class action complaint against PVH Corporation on October 25, 2013, in the Northern District of California.

### A.    *Chavez* and *Scott-George/Wiggs* Complaints

The Court begins by summarizing the relevant claims in the instant action. Plaintiff Chavez's putative class action asserts that PVH Corporation, Tommy Hilfiger Retail, LLC, and PVH Retail Stores violated provisions of the California Labor Code and Government Code based on Defendants' alleged pattern and practice of issuing ATM cards as payment of wages and other wrongful acts directed solely at Plaintiff.[1] In Plaintiff's original Complaint, she alleged violations of California Labor Code §§ 201, 202, 203, and 226. ECF No. 1. After removal, Plaintiff filed her First Amended Complaint alleging the same labor code violations and alleging additional violations of California Labor Code § 2698 and California Government Code §§ 12940 *et seq*. and 12945. ECF No. 14. On December 9, 2013, Plaintiff filed her Second Amended Complaint, the operative complaint in the instant action. The Second Amended Complaint added additional claims for alleged violations of California Labor Code § 204 and California Business and Professions Code § 17200. ECF No. 40.

The *Scott-George/Wiggs* action against PVH Corporation, in both the original Complaint and First Amended Complaint, pled causes of action for failure to pay overtime wages, provide meal breaks, rest breaks, provide itemized wage statements, pay vacation wages, and unfair business practices in violation of California Labor Code §§ 510, 1194, 1198, 226.7, 512, 201, 202,

---

[1] Plaintiff Chavez's individual claims arising under California Government Code §§ 12940(n), 12940, and 12945 are not at issue here.

Case No.: 13-CV-01797 LHK
ORDER DENYING MOTION TO INTERVENE

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

203, 226, 227 and California Business and Professions Code § 17200. *See* No. 13-0441, ECF Nos. 1, 24. Proposed Intervenors did not allege violations based on the use of payroll ATM cards. Proposed Intervenors filed their Second Amended Complaint on August 8, 2013, five months after the original complaint in the *Chavez* action. The Second Amended Complaint added an additional class representative, Luke Sperlin, and PVH Corporation's use of payroll ATM cards as an additional basis for their originally pled claims. *See* No. 13-441, ECF No. 37. Approximately three months later, Proposed Intervenors filed their Third Amended Complaint, which retained all of the previous causes of action, including the payroll ATM card claims, but replaced class representative Luke Sperlin with Melissa Wiggs. *See* No. 13-441, ECF No. 41

   **B.      Procedural Background**

   On August 8, 2013, the Court held an initial case management conference in the instant action, where the Court ordered the parties to complete by March 14, 2014, the private mediation to which the parties stipulated. ECF No. 28. After the initial case management conference, the parties engaged in "significant discovery," including written discovery and depositions. November 1, 2013, Joint Case Management Statement, ECF No. 37. On December 12, 2013, the parties mediated the case before mediator Michael Loeb of JAMS. *See* Plaintiff's Opposition to Proposed Intervenors Jodi Scott-George and Melissa Wiggs' Motion to Intervene ("Chavez Opp."), ECF No. 81, at 3. On January 2, 2014, the parties filed a joint case management statement alerting the Court that they had reached a tentative class settlement following mediation. ECF No. 44. At the January 8, 2014, case management conference, the Court set a complete case schedule and ordered the parties to file any motion for preliminary approval by January 31, 2014, with a hearing set for June 19, 2014. ECF No. 47.

   Plaintiff filed her motion for preliminary approval of class action settlement on January 31, 2014. ECF No. 50. The parties filed a joint stipulation of class action settlement and release on February 7, 2014. ECF No. 52. On June 5, 2014, Jeffrey Lapan and Ashwin Chandra filed an objection to the motion for preliminary approval, ECF No. 57, to which Defendants and Plaintiff separately replied, ECF Nos. 58, 59. The Court held the hearing on the motion for preliminary approval on June 19, 2014, where counsel for Plaintiff, Defendants, and Jeffrey Lapan and Ashwin

3

Chandra made appearances. ECF No. 60. On June 20, 2014, the Court denied Plaintiff's motion for preliminary approval, finding that the interaction between the reversion term and attorney's fees term could create a "conflict of interest" for Plaintiff's counsel, and "may not be in the best interest of the class." ECF No. 63.

On June 23, 2014, the parties filed an amended joint stipulation of class action settlement and release. ECF No. 64. In their amended joint stipulation, the parties removed the reversion term to address the concerns raised by the Court in its denial of preliminary approval. Plaintiff filed an amended motion for preliminary approval on June 25, 2014, which the Court granted on July 17, 2014. ECF No. 73. On August 8, 2014, the Claims Administrator mailed Notice Packets to 9,474 Class members. Declaration of Cory Lefebrve ("Lefebrve Decl."), ¶ 9, ECF No. 97. The Administrator mailed reminder notices on September 2, 2014, and September 17, 2014. *Id.* ¶ 10–11. The deadline to submit a claims form or request exclusion was October 7, 2014. *Id.*

The Court now turns to Proposed Intervenors' involvement with the instant case. Proposed Intervenors' counsel, Ronald Bae, first contacted Plaintiff Chavez's counsel, Larry Lee, on December 12, 2013. Declaration of Larry W. Lee ("Lee Decl."), ECF No. 81, ¶ 14. In that initial email, Mr. Bae indicated his awareness of Plaintiff's scheduled mediation. *Id.* That same day, Mr. Bae and Mr. Lee had a telephone conference regarding their respective cases. *Id.* Mr. Lee further attests that he has had "numerous conversations" with Mr. Bae since December 12, 2013, regarding the two actions and the settlement in this action. *Id.* ¶ 16. On July 10, 2014, approximately five months after Plaintiff Chavez filed her motion for preliminary approval of settlement, the Proposed Intervenors engaged in an unsuccessful mediation with Defendant PVH Corporation. Declaration of Dean Hansell ("Hansell Decl."), ECF No. 80, ¶ 10. A few days after that unsuccessful mediation, the Proposed Intervenors and PVH Corporation scheduled a second mediation to occur on September 9, 2014. *Id*

On August 18, 2014, Proposed Intervenors filed a notice of pendency of other action in the instant case. ECF No. 76. On the following day, Proposed Intervenors filed their motion to intervene. ("Motion") ECF No. 77. Plaintiff filed her opposition to Proposed Intervenors' notice of pendency and motion to intervene on September 2, 2014. ("Chavez Opp.") ECF Nos. 79, 81.

4

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

Defendants also filed their opposition to Proposed Intervenor's motion to intervene that day. ("PVH Opp.") ECF No. 80. Proposed Intervenors replied on September 29, 2014. ("Reply") ECF No. 82. On September 16, 2014, Defendants filed objections to the Reply. ECF No. 87.

On September 15, 2014, Jeffrey Lapan and Ashwin Chandra filed a joinder to Proposed Intervenors' motion to intervene, ECF No. 86, which Defendants and Plaintiff opposed, ECF Nos. 88, 90. On October 30, 2014, Dakkar Hunter, an objector to the settlement agreement, also filed a joinder to Proposed Intervenors' motion to intervene, ECF No. 96. The next day, Danah Lapan also filed a joinder to the motion to intervene. ECF No. 98.

## II.     Discussion

Before the Court is Proposed Intervenors' motion to intervene in the instant action, and the various joinders to that motion. Proposed Intervenors argue that they are entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2). In the alternative, Proposed Intervenors request that the Court allow permissive intervention under Federal Rule of Civil Procedure 24(b). More specifically, Proposed Intervenors contend that Chavez is an inadequate class representative, the release clause is overly broad, and that the settlement amount is too low. Proposed Intervenors "seek a global resolution to all three cases," or, if that is not possible, to "revis[e] the scope" of the *Chavez* settlement release. Motion at 2. The Court addresses each basis for intervention in turn.

### A.     Intervention as of Right

#### 1. Legal Standard

Federal Rule of Civil Procedure 24(a)(2) requires that a court permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit has identified four elements that a putative intervenor must show are met to establish an entitlement to intervention as of right:

> (1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that without intervention the disposition of the action

5

may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the other parties.

*United States v. Oregon*, 839 F.2d 635, 637 (9th Cir. 1988).

"Although the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (internal quotation marks omitted). "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

### 2.    Analysis

The Court begins with the first factor of timeliness. Timeliness is "the threshold requirement" for intervention as of right. *Oregon*, 913 F.2d at 588. In determining whether a motion is timely, the Court considers three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cnty. of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986). "Where a proposed intervenor seeks to intervene for purposes of objecting to a proposed settlement, timeliness generally is measured from the date the proposed intervenor received notice that the proposed settlement was contrary to its interest." *Glass v. UBS Fin. Servs., Inc.*, No. 06-4068, 2007 WL 474936, at *3 (N.D.Cal. Jan. 17, 2007), *aff'd* 331 F. App'x. 452 (9th Cir. 2009).

As to the issue of timeliness based on the "stage of the proceedings," Proposed Intervenors contend that their motion is timely because the Court has not yet granted final approval of the settlement,[2] and because the Court has not "substantially engaged the issues in the case." Motion at 7. However, the "stage of the proceedings" factor requires a "more nuanced, pragmatic approach" to timeliness than an assertion that a motion is timely merely because the Court has yet to reach the final approval stage. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997). Proposed Intervenors are correct that the Court has not held the final approval hearing

---

[2] Proposed Intervenors cite "*West Coast Seafood Processors Ass'n v. NRDC*, 643 F.3d 701, 708 (9th Cir. 2011)" in support of their argument that the filing of this motion before final approval renders the motion timely. Motion at 7. What Proposed Intervenors fail to mention, however, is that their citation is to Judge Bea's *dissent*. The *West Coast Seafood Processors* majority declined to reach the issue of timeliness altogether, concluding that the appeal was rendered moot. *See id.* at 703–05.

Case No.: 13-CV-01797 LHK
ORDER DENYING MOTION TO INTERVENE

or granted final approval. However, Proposed Intervenors' "focus on what had *not* yet occurred prior to [their motion] . . . ignores what *had* already occurred by that time." *See League of United Latin Am. Citizens*, 131 F.3d at 1303. Here, between December 12, 2013, the date Proposed Intervenors first learned of this action, and August 19, 2014, the date of this motion, the Court had held case management conferences, granted a motion to relate the instant action to the Lapan and Chandra action, held a fairness hearing on preliminary approval of settlement, reviewed objections to the settlement, issued an order denying preliminary approval, reviewed a revised settlement agreement and class notice, and issued an order granting preliminary approval of the revised settlement. Moreover, the parties have engaged in written and deposition discovery and mediation. The Court concludes that during the relevant nine months, the Court did "substantially engage" in pertinent issues of the case. *See, e.g.*, *Cohorst v. BRE Props., Inc.*, No. 10-2666, 2011 WL 3475274, at *6 (S.D. Cal. Aug. 5, 2011). Taking into consideration the Court's engagement in the case up to this point and the countervailing arguments raised by Proposed Intervenors, the Court concludes that, on balance, the first factor weighs against timeliness.

Addressing the second factor, Proposed Intervenors broadly argue that "no prejudice" will result if the Court allows intervention. Motion at 7. However, Proposed Intervenors ignore the prejudice to the parties and members of the class. As of the date Proposed Intervenors filed their motion, the parties had engaged in written and deposition discovery, spent over 10 hours in mediation, filed a joint stipulation of settlement, filed and argued a motion for preliminary approval, met and conferred regarding a revised settlement, filed a joint revised stipulation of settlement, and began the claims administration process. *See* Chavez Opp. at 8–9. Since the Court granted preliminary approval in July 2014, the 9,474 members of the class have received multiple class notices and 2,337 have submitted claim forms. Lefebvre Decl. ¶ 14. Both the parties and the claims administrator have expended significant time and resources, not to mention the efforts of class members who have submitted claims forms. *See* Lefebvre Decl., ¶¶ 3–12. While Proposed Intervenors might be correct that "no money has changed hands," they have failed to acknowledge the significant and substantive actions the parties, the claims administrator, and the class have taken. To allow intervention at this point would waste the significant resources the parties and the

7

class have expended in reliance on the settlement agreement and substantially prejudice the parties. *See Morazan v. Aramark Uniform & Career Apparel Grp., Inc.*, No. 13-00936, 2013 WL 4734061, at *3–5 (N.D. Cal. Sept. 3, 2013) (prejudice to class members who have submitted claim forms); *Cohorst*, 2011 WL 3475274, at *6 (prejudice to parties and class).

Moreover, Proposed Intervenors' contention that "it is quite feasible to allow intervention, tailor the scope of the release, and send a corrective notice . . ." assumes that Plaintiff, Proposed Intervenors, and Defendants would *reach a new, revised settlement agreement*. While Plaintiff Chavez and Defendants reached a proposed settlement agreement after mediating on December 12, 2013, Proposed Intervenors' July 10, 2014 mediation with PVH Corporation was unsuccessful. The Court agrees with Plaintiff Chavez that there is no guarantee that the parties would again reach a settlement agreement, much less the global settlement Proposed Intervenors envision, if the Court grants the motion to intervene. If the parties and Proposed Intervenors were unable to reach a revised settlement agreement, the thousands of class members who have been contacted and submitted claim forms would be significantly prejudiced. The Court therefore concludes that the second factor weighs heavily against timeliness.

The third and final timeliness factor examines the "reason for and length of" the Proposed Intervenors' delay. A potential intervenor must act "as soon as he [or she] knows *or has reason to know* that his [or her] interests might be adversely affected by the outcome of the litigation." *Cal. Dept. of Toxic Substances Control v. Comm. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (emphasis in original); *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) (potential intervenors were on "constructive notice" of potential adverse interests). Here, the Court concludes Proposed Intervenors had "reason to know" that their interests might be adversely affected several months prior to the Court's decision to grant preliminary approval in July 2014.

Proposed Intervenors do not dispute that they have been aware of the instant action since December 2013 and the relevant terms of the settlement agreement in the instant case since February 7, 2014. Counsel for Proposed Intervenors, Mr. Bae, and for Plaintiff, Mr. Lee, had "numerous conversations" following their initial telephone conference on December 12, 2013. Lee

Case No.: 13-CV-01797 LHK
ORDER DENYING MOTION TO INTERVENE

United States District Court
For the Northern District of California

Decl. ¶ 16. Proposed Intervenors do not contest that they knew of the potential overlap in class claims and class definitions,[3] especially since Proposed Intervenors had amended their complaint to include payroll ATM card claims against PVH Corporation. While Proposed Intervenors may not have been "certain that the [settlement] would be adverse to their interests, they had reason to know that negotiations might produce" a settlement that would affect their own interests based on the overlapping causes of action, identical Defendant, and overlapping proposed class definitions. *See Cal Dept. of Toxic Substances*, 309 F.3d at 1120. Additionally, Proposed Intervenors cannot contest that the release clause and amount of settlement to which Proposed Intervenors object have not changed since the parties first filed their joint stipulation of settlement agreement on February 7, 2014. In fact, Lapan and Chandra filed an objection to preliminary approval on June 5, 2014, raising virtually the same concerns as Proposed Intervenors do now, in addition to concerns about the potential for a conflict of interest based on the reversion term. *See* ECF No. 57. After evaluating that objection, the Court initially denied preliminary approval to Plaintiff's motion based on the use of a reversion term. ECF No. 63. In light of Proposed Intervenors' actual knowledge of the settlement agreement and the overlapping and potentially adverse interests at stake, the Court concludes that Proposed Intervenors failed to act in a timely manner to protect their interests.

In opposition, Proposed Intervenors contend that "the potential harm to Proposed Intervenors' interests did not crystallize until approximately one month before the filing of this motion . . . [when] PVH represented that the settlement release barred § 203 claims based on facts outside the scope of the *Chavez* action." Motion at 6. Without relying on improperly disclosed privileged mediation communications,[4] the Court concludes that Proposed Intervenors' argument

---

[3] The *Scott-George/Wiggs* Complaint defines the proposed class as "All non-exempt employees who have been employed by Defendants [sic] in the State of California within four years prior to the filing of this complaint until certification of the class in this lawsuit." No. 13-0441, ECF No. 37, ¶ 11. The *Chavez* complaint proposes multiple classes and sub-classes, but in relevant part includes "All current and former employees who were employed by Defendants in the State of California at any time from March 20, 2009 who were paid wages through an ATM card kit (the "ATM Card Class")," all former California employees of Defendants who left Defendants' employ for whatever reason from March 20, 2012, to the present, and all current and former California employees who "have received at least one itemized wage statement during their employment with Defendants." ECF No. 40, ¶ 11.

[4] Defendants object to Proposed Intervenors' disclosure of confidential mediation statements and Mr. Bae's declaration attaching copies of Defendant PVH Corporation's mediation brief. ECF No.

Case No.: 13-CV-01797 LHK
ORDER DENYING MOTION TO INTERVENE

United States District Court
For the Northern District of California

fails. The timeliness inquiry under the third factor does not allow a potential intervenor to wait until a potential harm "crystallizes" or becomes "certain." *See Cal Dept. of Toxic Substances*, 309 F.3d at 1120. Instead, a potential intervenor must act when he or she "knows or had reason to know" that his or her interests might be adversely affected. *Cal Dept. of Toxic Substances*, 309 F.3d at 1120; *see also Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) ("The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal. As soon as a prospective intervenor knows or has reason to know that his [or her] interests might be adversely affected by the outcome of the litigation he [or she] must move promptly to intervene."). As discussed above, Proposed Intervenors' concerns with the settlement agreement involve terms that *have not changed* since the parties filed their first joint stipulation of settlement in February 2014. The Court therefore concludes that the third factor also weighs against timeliness.

In summary, the Court finds that Proposed Intervenors' motion to intervene is untimely. Proposed Intervenors filed their motion after the Court had already granted preliminary approval, after the parties had invested time and resources into reaching and relying on the proposed settlement agreement, after the class received class notices, and more than six months after Proposed Intervenors had actual knowledge that the settlement agreement might adversely affect their interests. To the extent Proposed Intervenors are concerned that the settlement agreement does

---

87. Proposed Intervenors argue that such disclosures are admissible under Federal Rule of Evidence 408, while Defendants contend California law on privileges should apply under Federal Rule of Evidence 501. The Court finds that "state law supplies the rule of decision" because both the instant action and the *Scott-George/Wiggs* action implicate only state law causes of action. As such, under Federal Rule of Evidence 501, the Court applies California law as to the scope of the mediation privilege. *See, e.g., Gonzales v. T-Mobile, USA*, No. 14-4055256, 2014 WL 4055356 (S.D. Cal. Aug. 14, 2014); *Wilcox v. Arpaio*, 753 F.3d 872, 876–77 (9th Cir. 2014). Under California law, any oral or written communication made "for the purpose of, in the course of, or pursuant to, a mediation or mediation consultation," is privileged and therefore inadmissible unless it falls within a statutory exception. Cal. Evid. Code § 1119; *Simmons v. Ghaderi*, 187 P.3d 934, 939–43 (Cal. 2008). Proposed Intervenors fail to identify an applicable statutory exception, and the Court concludes that none would apply here. The Court therefore disregards Proposed Intervenors' improper disclosures of the actual contents of Defendant PVH Corporation's written mediation statements.

Moreover, the Court concludes that even if the disclosures were admissible, they would not change the timeliness analysis here. Proposed Intervenors were on notice of the terms of the *Chavez* settlement agreement and the potential overlap in claims and classes by February 7, 2014. This was well before the unsuccessful July 10, 2014, mediation in the *Scott-George/Wiggs* action where PVH Corporation made its privileged mediation communications.

10

not protect their interests, the Court notes that Proposed Intervenors have opted out of the settlement.[5] Other individuals that filed joinders to the motion to intervene, including Dakkar Hunter and Danah Lapan, have filed objections to the settlement agreement in the instant case. Objectors who filed timely objections may participate at the fairness hearing on January 15, 2015 at 1:30 p.m. *See, e.g.*, *Zepeda v. PayPal, Inc.*, No. 10-2500, 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014) (collecting cases denying motions to intervene based on prejudice to the parties and concluding that potential intervenors could protect their interests by opting out or participating in the approval process).

Timeliness is a required element under Rule 24(a) and failure to satisfy this element is sufficient grounds to deny a motion to intervene. In light of the Court's finding of untimeliness, the Court declines to reach the other factors. *See Perry*, 587 F.3d at 950. The Court therefore denies Proposed Intervenors' motion to intervene under Rule 24(a).[6]

**B.    Permissive Intervention**

In the alternative, Proposed Intervenors request that the Court allow permissive intervention under Rule 24(b). The Court addresses this request below.

**1.    Legal Standard**

Federal Rule of Civil Procedure 24(b) provides for permissive intervention. "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). "Where a putative intervenor has met these

---

[5] Plaintiff moved to supplement the record with information about Proposed Intervenors' decision to opt-out of the *Chavez* settlement. ECF No. 99. Plaintiff contends that Proposed Intervenors' decision to opt-out from the settlement deprives them of standing as potential intervenors. Proposed Intervenors opposed Plaintiff's motion with regards to the standing argument only. ECF No. 100. The Court GRANTS Plaintiff's motion to supplement the record regarding Proposed Intervenors' decision to exclude themselves from the *Chavez* settlement. ECF No. 99. Proposed Intervenors did not exclude themselves until September 25, 2014 and October 7, 2014, which was after Plaintiff filed her opposition to the motion to intervene. ECF No. 99, at 3. At least two joinders to the motion to intervene, Hunter and Lapan, have objected to the settlement and thus would have standing to intervene. Accordingly, the Court need not reach the standing argument.
[6] None of the joinders to the motion to intervene offer any argument or analysis as to why the Court's ruling on the motion to intervene as to Proposed Intervenors would not also dispose of the joinders' motion to intervene. The Court therefore denies the motions to intervene by Jeffrey Lapan, Ashwin Chandra, Dakkar Hunter, and Danah Lapan for the reasons discussed above.

11

Case No.: 13-CV-01797 LHK
ORDER DENYING MOTION TO INTERVENE

United States District Court
For the Northern District of California

requirements, the court may also consider other factors in the exercise of its discretion, including the nature and extent of the intervenors' interest and whether the intervenors' interests are adequately represented by other parties." *Perry*, 587 F.3d at 955 (internal quotation marks omitted). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### 2.    Analysis

As the Court has already concluded that Proposed Intervenors are not entitled to intervene as a matter of right under Rule 24(a) because their motion was not timely, Proposed Intervenors request for permissive intervention is also untimely. A determination of timeliness for permissive intervention "consider[s] precisely the same three factors—the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay—that [the Court] consider[s] in determining timeliness [for intervention as of right]." *League of United Am. Citizens*, 131 F.3d at 1308. "In the context of permissive intervention, however, [the Court] analyze[s] the timeliness element more strictly than . . . with intervention as of right." *Id.* Proposed Intervenors have failed to meet the less restrictive timeliness requirement under Rule 24(a), as such they cannot meet the stricter timeliness requirement under Rube 24(b). As Proposed Intervenors have failed to meet an essential "threshold requirement[]" of permissive intervention under Rule 24(b), the Court denies Proposed Intervenors request to intervene in the instant action. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

### III.    Conclusion

For the reasons stated above the Court DENIES Proposed Intervenors' motion to intervene.

**IT IS SO ORDERED.**

Dated: November 20, 2014

*Lucy H. Koh*

_____
LUCY H. KOH
United States District Judge

12