UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSIE CHAVEZ, as an individual and on behalf of all others similarly situated, and ANABEL ARMENTA, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PVH CORPORATION, a Delaware corporation, TOMMY HILFIGER RETAIL, LLC, and PHV RETAIL STORES LLC,<br><br>Defendants. | Case No.: 13-CV-01797 LHK<br><br>ORDER DENYING MOTION TO SEAL |

Before the Court is an administrative motion to seal brought by Class Member Danah Lapan ("Lapan"). ECF No. 92. Lapan filed the motion to seal in connection with an objection Lapan filed to a proposed settlement in the instant case. *See* ECF No. 91. Lapan subsequently withdrew the objection. ECF No. 107. In the instant motion to seal, Lapan seeks to seal an exhibit produced by non-party ADP, Inc. which was designated as confidential. ECF No. 92-1, ¶ 2.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact," however, "that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Where, as here, a party seeks to seal documents in connection with the approval of a settlement agreement, courts have generally required such requests to meet the compelling reasons standard. *Tarutis v. Spectrum Brands, Inc.*, No. C13-761 JLR, 2014 WL 5808749, at *2 (W.D. Wash. Nov. 7, 2014) (applying "compelling reasons" standard because "approval of the settlement agreement is dispositive of the proceeding"); *Bernstein v. Target Stores, Inc.*, No. 13-CV-01018 NC, 2013 WL 5807581, at *2 (N.D. Cal. Oct. 28, 2013) (applying "compelling reasons" standard because the "result of such approval [of a settlement] would be a dismissal with prejudice of this entire case.")

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required

by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

With these standards in mind, the Court rules on the instant motion as follows:

| **Motion to Seal** | **ECF No.** | **Document to be Sealed** | **Ruling** |
|---|---|---|---|
| 92 | 92-3 | Unredacted Exhibit Produced by Non-Party ADP, Inc. | DENIED WITHOUT PREJUDICE because ADP Inc., as the "Designating Party," has failed to "file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."  Civ. L. R. 79-5(e)(1). |

If ADP, Inc. wishes to have these documents filed under seal, ADP Inc. must file a motion to seal, along with an accompanying declaration, within seven (7) days.

**IT IS SO ORDERED.**

Dated: February 11, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge