UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JESSIE CHAVEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PVH CORPORATION, et al.,<br><br>　　　　Defendants. | Case No.:13-CV-01797-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 128 |

　　　　Before the Court is a motion for leave to file motion for reconsideration, filed by Proposed Intervenors Jodi Scott-George and Melissa Wiggs ("Proposed Intervenors"). ECF No. 128 ("Motion for Leave"). Proposed Intervenors seek leave to file a motion for reconsideration of this Court's November 20, 2014 Order denying Proposed Intevenors' motion to intervene in the instant putative class action lawsuit. *See* ECF No. 106.

　　　　Pursuant to Civil Local Rule 7-9(a), a party may file a motion for reconsideration of any interlocutory order only upon obtaining leave of the Court. A party seeking reconsideration must show, *inter alia*, that (1) "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "new material facts or a change of law occurring after the time of such order"; or (3) a "failure by the Court to consider material facts or dispositive legal arguments

1

Case No.: 13-CV-01797-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

which were presented to the Court before such interlocutory order." Civil L. R. 7-9(b). A motion for leave to file a motion for reconsideration may not "repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. L. R. 7-9(c).

In their Motion for Reconsideration, Proposed Intervenors raise three "critical facts" that they claim "were not presented to this Court" in conjunction with Proposed Intervenors' motion to intervene. Mot. for Leave, at 2. However, the Court finds that all three of these facts were presented to the Court at the time the Court denied the motion to intervene.

First, Proposed Intervenors argue that this Court was not "notified . . . of the existence of the *Scott-George* action," *id.*, a separate but related lawsuit to the instant litigation. Proposed Intervenors are incorrect. In fact, on August 18, 2014 (a day before Proposed Intervenors filed their motion to intervene) Proposed Intervenors filed a notice of pendency of other action with this Court, alerting this Court to the existence of *Scott-George*. *See* ECF No. 76. Moreover, Proposed Intervenors' repeatedly referenced the *Scott-George* action in their motion to intervene. *See, e.g.*, ECF No. 77 ("Mot. Intervene"), at 3-5 (summarizing history of *Scott-George* and its relation to the instant litigation).

Second, Proposed Intevenors argue that "proposed class counsel did not provide this Court with defendant's potential exposure for violation of Labor Code § 203" in connection with the preliminary approval hearing in this matter, which Proposed Intervenors argue led this Court to erroneously approve preliminary approval to a class action settlement. Mot. for Leave, at 2. However, Proposed Intervenors raised this same argument in their motion to intervene. *See, e.g.*, Mot. Intervene, at 17 ("Although the § 203 claim is a central part of the *Chavez* action, there is no estimate of the exposure on this claim.").

Third, Proposed Intervenors argue that this Court did not consider the "effect of the release language [in the settlement agreement in the instant litigation] on class members' right to seek waiting time penalties in other claims not alleged in the *Chavez* case." Mot. for Leave, at 2-3.

2

Case No.: 13-CV-01797-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Again, Proposed Intervenors raised this same argument in their motion to intervene. *See, e.g.*, Mot. Intervene at 10-11 ("In this case, the settlement release is broadly written and extends to claims based on facts not alleged in the *Chavez* action.") *see also id.* at 12 ("[I]t is evident that the release is intended to bar all § 203 claims, regardless of the facts upon which those claims are based.").

In sum, the "critical facts" that Proposed Intervenors argue were not presented to this Court were all presented and argued in Proposed Intervenors' Motion to Intervene. Accordingly, Proposed Intervenors have not demonstrated that "a material difference in fact . . . exists from that which was presented to the Court before entry of the interlocutory order," or that there is "a material difference in fact . . . from that which was presented to the Court before entry of the interlocutory order." Civil L. R. 7-9(b). Proposed Intervenors' Motion for Leave is DENIED.

**IT IS SO ORDERED.**

Dated: February 11, 2015

_____
LUCY H. KOH
United States District Judge

3

Case No.: 13-CV-01797-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION