HOGAN LOVELLS US LLP
Dean Hansell (Bar No. 93831)
Rachel A. Patta (Bar No. 273968)
Michelle L. Roberts (Bar No. 292075)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California  90067
Telephone:   (310) 785-4600
Facsimile:   (310) 785-4601
dean.hansell@hoganlovells.com
rachel.patta@hoganlovells.com
michelle.roberts@hoganlovells.com

Attorneys for Defendants
PVH Corporation,  PVH Retail Stores, LLC
and Tommy Hilfiger Retail, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE CHAVEZ, as an individual and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>PVH Corporation, a Delaware Corporation,<br><br>              Defendant. | Case No.  C 13-01797 LHK<br><br>**SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE** |

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

\LA - 039936/000006 - 1123318 v7

## SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

This Second Amended Joint Stipulation of Class Action Settlement and Release ("Agreement" or "Settlement Agreement") is made and entered into by and between Plaintiffs Jesse Chavez and Anabel Armenta ("Plaintiffs" or "Class Representatives"), as individuals and on behalf of all others similarly situated, and Defendants PVH Corporation, PVH Retail Stores, LLC and Tommy Hilfiger Retail, LLC (collectively, "Defendants") (collectively with Plaintiffs, the "Parties").

## RECITALS

1.     Plaintiff Jesse Chavez filed a putative class action complaint against Defendant PVH Corporation on March 20, 2013, in the Superior Court for the County of Santa Clara alleging cause of action for violations of California Labor Code sections 201, 202, and 203 (wages not timely paid upon termination), and section 226 (noncompliant wage statements). On April 19, 2013, PVH Corporation removed the action to the United States District Court for the Northern District of California on the basis that there was federal diversity jurisdiction under the Class Action Fairness Act.  A First Amended Complaint was filed on July 3, 2013, re-alleging the cause of action from the original complaint as well as (1) a new cause of action for penalties under Labor Code section 2698, et seq. (California Labor Code Private Attorneys General Act of 2004 "PAGA"), and (2) individual, non-class and non-representative claims for violations of Government Code sections 12940(m), 12940(n), 12940 et. seq, 12945.2, and 12945.2(l), and Cal. Code of Regulations, Title 2, § 7297.7. ("Individual Claims")[1]. On December 10, 2013, a Second Amended Complaint was filed, adding a new class representative, Anabel Armenta,  re-alleging all of

---

[1] The Individual Claims are not included in this Settlement Agreement.

- 1 -
SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

the causes of action contained in the First Amended Complaint, expanding the claim for violation of Labor Code section 226, and alleging (as a part of the First Cause of Action) new claims for violation of Labor Code section 204 (failure to pay wages during employment), and California Business and Professions Code sections 17200, *et seq.* PVH Retail Stores, LLC and Tommy Hilfiger Retail, LLC were also named as additional Defendants. To date, Plaintiffs have not filed a motion for class certification of their claims.

2.    Diversity Law Group, P.C. and Polaris Law Group, LLP ("Class Counsel"), Plaintiffs' counsel in the case, diligently investigated the proposed Class Members' claims against Defendants, including any and all applicable defenses and the applicable law. The investigation included, inter alia, the exchange of information pursuant to formal and informal discovery methods, including depositions, document requests and interrogatories. The investigation also involved numerous meetings and conferences between Class Counsel and Defendants' counsel, and interviews of potential witnesses. Based on the foregoing investigation and evaluation, Class Counsel is of the opinion that the terms set forth in this Agreement are fair, reasonable and adequate, and are in the best interest of the Settlement Class. This Agreement was reached after extensive arm's-length negotiations, and negotiated in light of all known facts and circumstances, including the mutual risks of significant delay, costs, and uncertainty associated with litigation, various defenses asserted by Defendants, and numerous potential appellate issues.

3.    On December 12, 2013, the Parties participated in an all-day mediation of this Action at JAMS before Michael Loeb, a respected mediator of labor and employment wage and hour class actions. After a full day and evening of negotiations, the Parties were able to agree to the material terms of this settlement. Those agreements facilitated the negotiation of a Settlement Agreement. Mr. Loeb's supervision of the mediation was critical in managing

1    the expectations of the parties and providing a useful and neutral analysis of the

2    issues and risks to both sides.

3         4.    The settlement discussions during and after mediation were

4    conducted at arm's-length and the settlement is the result of an informed and

5    detailed analysis of Defendants' potential liability and total exposure in relation

6    to the costs and risks associated with continued litigation.

7         5.    The Parties originally submitted a Motion for Preliminary Approval

8    of their settlement on January 31, 2014.  The Court preliminarily approved a

9    revised settlement agreement on July 17, 2014 after the Parties removed a

10   reversion provision, but on February 11, 2015, the Court denied final approval of

11   that agreement, citing concerns about the scope of the release and notice given to

12   class members.  The Parties subsequently revised their agreement again and now

13   submit this Second Amended Joint Stipulation of Class Settlement and Release

14   ("Second Amended Settlement Agreement" or "this Settlement Agreement").

15        6.    Based on the data produced pursuant to formal discovery and

16   informal exchange of information, as well as Class Counsel's own independent

17   investigation and evaluation, and the mediator's efforts, Class Counsel believes

18   that the settlement with Defendants for the consideration and on the terms set

19   forth in this Settlement Agreement is fair, reasonable, and adequate and is in the

20   best interest of the Class Members in light of all known facts and circumstances,

21   including the risk of significant delay and uncertainty associated with litigation,

22   various defenses asserted by Defendants, and numerous potential appellate

23   issues.

24        7.    This Settlement Agreement is made and entered into by and between

25   Plaintiffs, individually and on behalf of all others similarly situated, and

26   Defendants, and is subject to the terms and conditions hereof, and to the Court's

27   approval.  The Parties expressly acknowledge that this Agreement is entered into

28   solely for the purpose of compromising significantly disputed claims and that

nothing herein is an admission of liability or wrongdoing by Defendants. If for any reason the Settlement Agreement is not approved, it will be of no force or effect, and the Parties shall be returned to their original respective positions.

## DEFINITIONS

The following definitions are applicable to this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement also shall be effective:

8.    "Action" means *Jessie Chavez v. PVH Corporation* filed on March 20, 2013, in the Santa Clara County Superior Court, and removed to the Northern District of California, on April 19, 2013, Case No. C 13-01797, including Plaintiffs, Defendants, Claims, and Class Members identified in the Second Amended Complaint.

9.    "Claim Form" means the document, substantially in the form attached as Exhibit 2, that Class Members who did not submit claims for the First Settlement Agreement or who opted out of the First Settlement Agreement must complete and postmark by the Response Deadline (as defined below) in order to receive an Individual Money Network Subclass Payment (if Class Member is a member of the Money Network Subclass). Class Members will not be required to submit a claim form in order to receive an Individual Settlement Payment.

10.    "Class Administrator" means Rust Consulting, Inc. or some other third-party class action settlement Class Administrator mutually agreed to by the Parties and approved by the Court for the purposes of administering this Settlement. The Parties will each ensure and represent that they do not have any financial interest in the Class Administrator or otherwise have a relationship with the Class Administrator that could create a conflict of interest.

11.    "Claims Administration Costs" means the costs payable to the Class Administrator for administering this Settlement, including, but not limited to,

1   printing, distributing, and tracking documents for this Settlement, tax reporting,

2   distributing the Class Settlement Amount and Class Counsel Award, and

3   providing necessary reports and declarations, as requested by the Parties.  The

4   Claims Administration Costs, including costs that were incurred during the

5   partial administration of the First Settlement Agreement, are currently estimated

6   to be $100,050.  Up to $61,000 of the Claims Administration Costs will be paid

7   from the Class Settlement Amount.[2]  Class Administration Costs in excess of

8   $61,000 will be divided equally between the Parties.  Half will be paid by

9   Defendants, separately and apart from the total maximum settlement amount of

10   $1,850,000, and the remaining half will be paid by Class Counsel out of the

11   Class Counsel Award.

12        12.   "Class Counsel Award" means attorneys' fees agreed upon by the

13   Parties and approved by the Court for Class Counsel's litigation and resolution

14   of this Action, and all costs incurred and to be incurred by Class Counsel in the

15   Action, including, but not limited to, costs associated with documenting the

16   Settlement, providing any notices required as part of the Settlement or Court

17   order, securing the Court's approval of the Settlement, administering the

18   Settlement, obtaining entry of the Judgment terminating this Action, and

19   expenses for any experts.  Class Counsel shall request attorneys' fees not in

20   excess of twenty-five percent (25%) of the Class Settlement Amount, or not in

21   excess of Four Hundred Sixty Two Thousand Five Hundred Dollars ($462,500).

22   The Class Counsel Award shall also mean and include the additional

23   reimbursement of any reasonable costs and expenses associated with Class

24

25        [2]   Under the agreement that the Court preliminarily approved in July 2014, the Parties anticipated administration costs of approximately $61,000 and agreed that the amount

26   would be paid from the settlement fund.  Under the Second Amended Agreement, the amount of administration costs that will be taken from the fund is capped at $61,000 (with the

27   remainder coming from PVH and Class Counsel) to ensure that the amount available to pay Class Members is unchanged.

28               - 5 -

        SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Counsel's litigation and settlement of the Action, up to Twenty Five Thousand Dollars ($25,000), subject to the Court's approval. Defendants have agreed not to oppose Class Counsel's request for fees and reimbursement of reasonable costs so long as they do not exceed the amounts set forth above. Any portion of the Class Counsel Award (including costs and expenses) not awarded to Class Counsel shall be added to the Net Settlement Amount and proportionately distributed to Class Members.

13. "Class List" means a complete list of all Class Members which, pursuant to the Parties' First Settlement Agreement, Defendants diligently and in good faith compiled from their records and provided to both the Class Administrator and Class Counsel. The Class List is formatted in Microsoft Office Excel and includes each Class Member's full name; most recent mailing address and telephone number; Social Security number; dates of employment; e-mail address (if known); the total aggregate number of Calendar Weeks that each Class Member worked during the time period of March 20, 2012 through July 17, 2014; March 20, 2011 through March 19, 2012; March 20, 2010 through March 19, 2011; and March 20, 2009 through March 19, 2010.

14. "Class Member" refers to a member of the Settlement Class who does not otherwise submit a timely Request for Exclusion as defined by this Settlement Agreement.

15. "Class Period" refers to the period of time from March 20, 2009 to July 17, 2014, the date the Court granted preliminary approval of the parties' Amended Motion for Preliminary Approval ("First Settlement Agreement").

16. "Class Representative Enhancement Payment" means the amount to be paid to Plaintiffs in recognition of their effort and work in prosecuting the Action on behalf of Class Members and others similarly situated, and the associated risks of acting as class representatives. The Parties agree that Plaintiff Jesse Chavez shall be paid five thousand dollars ($5,000) and Plaintiff Anabel

\LA - 039936/000006 - 1123318 v7

Armenta shall be paid twenty-five hundred dollars ($2,500) from the Class

Settlement Amount, subject to the Court granting final approval to this

Settlement Agreement and subject to the exhaustion of any and all appeals. The

Parties acknowledge and agree that the Class Representative Enhancement

payment is not a wage payment representing compensation for services rendered

or other unpaid income otherwise owed to Mr. Chavez or Ms. Armenta by

Defendants; rather, it is characterized as a non-wage payment attributable to

Plaintiffs' role as potential and actual Class representative, and for the risks and

work attendant to that role. As such, income or employment tax withholdings or

other deductions will not be made from the payment of a Class Representative

Enhancement Payment, but it shall be reported on an IRS Form 1099 or similar

form to the appropriate taxing authorities.  Any amount of the Class

Representative Enhancement not awarded to Plaintiffs by the Court shall be paid

to all Class Members on a pro rata basis.

17.   "Class Settlement Amount" means the entire settlement amount of

one million eight hundred and fifty thousand dollars ($1,850,000) to be paid by

Defendants in full satisfaction of all claims arising from the Action, which

includes all Individual Settlement Payments and all Individual Money Network

Subclass Payments to Participating Money Network Subclass Members, the

Class Representative Enhancement Payments to Plaintiffs, Claims

Administration Costs of up to $61,000 to the Class Administrator, the Labor and

Workforce Development Agency Payment, and the Class Counsel Award

(including costs up to $25,000).  This Class Settlement Amount has been agreed

to by Plaintiffs and Defendants, based on the aggregation of the agreed-upon

settlement value of individual claims.

18.   "Court" means the United States District Court for the Northern

District of California, or any other court or judge taking jurisdiction of the

Action.                                      - 7 -

\LA - 039936/000006 - 1123318 v7

19.    "Defendants" means the defendants named in the Second Amended Complaint: PVH Corporation, PVH Retail Stores, LLC and Tommy Hilfiger Retail, LLC.

20.    "Effective Date" means (i) if any timely objections are filed, the date of expiration of the time to file appeals regarding an Order granting final approval, or the resolution of any appeals in a way that does not alter the terms of the settlement; or (ii) if no timely objections are filed, the date upon which the Court enters an order granting final approval of the Joint Stipulation of Class Action Settlement.

21.    "First Settlement Agreement" means the "Amended Joint Stipulation of Class Action Settlement and Release" entered into between the parties in June 2014 (ECF Doc. 68-1), preliminarily approved by this Court in July 2014 (ECF Doc. 73), and denied Final Approval on February 11, 2015 (ECF Doc. 136).

22.    "Individual Settlement Payment" means each Class Member's share of the Net Settlement Amount (less the Money Network Subclass Amount) which shall be determined by multiplying the total number of Workweeks, as described in Paragraph 42, each Class Member worked while employed by Defendants during the Class Period by the Workweek Point Value. "Individual Money Network Subclass Payment" means each Money Network Subclass Member's share of the Money Network Subclass Amount, which shall be determined pursuant to the terms of Paragraph 50.

23.    "Initial Payment(s)" means the following payments which, subject to Court approval, are to be deducted from the Class Settlement Amount before any other payments are made: (i) the Class Representative Enhancement Payments to Plaintiffs; (ii) the Labor and Workforce Development Agency Payment; (iii) the Claims Administration Costs, as limited by Paragraph 11; and (iv) the Class Counsel Award (including costs, only as permitted by the Court).

24.     "Money Network Payroll Distribution Service" means the payroll service that Defendants have used from April 2009 to the present to pay certain employee wages.  This service provides employees with all of the following options to receive payment of earned wages:  Money Network checks; ADP TotalPay Visa Card; and the ability to electronically transfer funds to a personal bank account.

25.     "Money Network Subclass Members" means all current and former employees who (a) worked for Defendants in California during any portion of the period from March 20, 2009 through July 17, 2014, (b) were paid at any time via the Money Network payroll distribution service, and (c) paid at least one fee or charge in connection with the use of this service.

26.     "Money Network Subclass Amount" means the total amount of any fees and charges all Money Network Subclass Members paid in connection with their use of the Money Network payroll distribution service during any portion of the period from March 20, 2009, through July 17, 2014.  This amount is currently estimated to total $103,676.

27.     "Labor and Workforce Development Agency Payment" means the amount that the Parties have agreed to pay to the California Labor Workforce and Development Agency ("LWDA") in connection with the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, et seq., "PAGA").   The Parties have agreed that Twenty Five Thousand Dollars ($25,000) of the Class Settlement Amount shall be allocated to the resolution of any Class Members' claims arising under the California Labor Code Private Attorneys General Act of 2004 (California Labor Code sections 2698, et seq., "PAGA"). Pursuant to PAGA, 75%, or Eighteen Thousand Seven Hundred and Fifty Dollars ($18,750), of the PAGA Settlement Amount shall be paid to the California Labor Workforce and Development Agency, and 25%, or Six Thousand Two Hundred and Fifty Dollars ($6,250), of the PAGA Settlement Amount shall be part of the

1   Net Settlement Amount to be distributed to Class Members.

2        28.   "Net Settlement Amount" means the portion of the Class Settlement

3   Amount remaining after deduction of the approved Class Representative

4   Enhancement Payments, Claims Administration Costs (as limited by Paragraph

5   11), Labor and Workforce Development Agency Payment, and the Class Counsel

6   Award including court approved costs and expenses.  The Net Settlement

7   Amount will be distributed to Class Members and Participating Money Network

8   Subclass Members.

9        29.   "Notice of Objection" means a Class Member's valid and timely

10   written objection to the Settlement Agreement.  For the Notice of Objection to be

11   valid, it must be: (i) signed by the Class Member, (ii) filed with the Court and

12   served on all Parties by the Response Deadline, and (iii) contain the Class

13   Member's name, current mailing address, most current telephone number, the

14   basis for the objection, and the Class Member's dates of employment with

15   Defendants.

16        30.   "Notice Packet" means the Notice of Class Action Settlement,

17   substantially in the form attached as Exhibit 3.  The Notice Packet for Class

18   Members who either opted out or did not file a claim form following preliminary

19   approval of the First Settlement Agreement will consist of the Notice of Class

20   Action Settlement and the Claim Form.  The Notice Packet for Class Members

21   who filed a claim form following preliminary approval of the First Settlement

22   Agreement will consist only of the Notice of Class Action Settlement, which

23   includes instructions on how to opt out if the Class Member no longer wants to

24   participate in the settlement.

25        31.   "Parties" means Plaintiffs Jesse Chavez and Anabel Armenta, and

26   Defendants PVH Corporation, PVH Retail Stores, LLC and Tommy Hilfiger

27   Retail, LLC collectively.

28        32.   "Participating Money Network Subclass Members" refers to all

\LA - 039936/000006 - 1123318 v7

Money Network Subclass Members: (a) who submit a valid Claim Form, or (b) who previously submitted a claim after preliminary approval of the First Settlement Agreement and do not submit valid Requests for Exclusion.

33.    "Plaintiffs" means the named plaintiffs in the Second Amended Complaint, Jesse Chavez and Anabel Armenta.

34.    "Preliminary Approval" means the Court order granting preliminary approval of this Second Amended Settlement Agreement.

35.    "Released Claims" means  all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from, or related to the facts occurring during the Settlement Class Period as alleged in the Second Amended Complaint, including: (a) any alleged failure by Defendants to pay any and all wages due to the payment of wages using  the Money Network payroll distribution service; (b) any alleged failure by Defendants to provide compliant wage statements; (c) any alleged right or claim for civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698, et seq. arising from the conduct alleged in the Action; (d) any alleged right or claim for unfair business practices in violation of California Business & Professions Code § 17200, et seq. arising from the conduct alleged in the Action; (e) any and all wage claims associated with fee and other charge deductions and payments made through the use of the Money Network payroll distribution service; and (f) any other state or federal statute, rule and/or regulation, or similar causes of action relating to the payment of wages or reimbursement of wages, and/or any related PAGA penalties and interest, based on the claims that have been or could have been asserted in the Second Amended Complaint.   The release of Cal. Lab. Code § 203 penalties, however, shall be limited to claims arising out of use of the Money Network payroll distribution service and shall not affect the penalty rights of a Class Member and/or Money Network Subclass Member in other litigation with a different factual predicate.

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

36.    "Request for Exclusion" means a timely letter submitted by a Class Member indicating a request to be excluded from the Settlement.  The Request for Exclusion must: (a) set forth the name, address, and telephone number of the Class Member requesting exclusion; (b) be signed by the Class Member; (c) be addressed to the Class Administrator at the specified address indicated in the Notice Packet; and (d) be postmarked on or before the Response Deadline.

37.    "Response Deadline" means the deadline by which Class Members must postmark, fax or email to the Class Administrator valid Claim Forms, Requests for Exclusion, or objections to the Settlement.  The Response Deadline shall be sixty (60) calendar days from the initial mailing of the Notice Packet by the Class Administrator.  The Response Deadline for Claim Forms or Requests for Exclusion shall be extended twenty (20) calendar days for any Class Member who is re-mailed or hand-delivered a Notice Packet in accordance with the Notice Procedure.  The Response Deadline may also be extended by express agreement between Class Counsel and Defendants.

38.    "Second Amended Complaint" means the Second Amended Complaint filed on December 10, 2013 in the Action.

39.    "Settlement Class" refers to all current and former employees who worked for Defendants in California during any portion of the period from March 20, 2009 through July 17, 2014 .

40.    "Total Workweeks" means the total aggregate number of Workweeks that all Class Members worked during the Class Period.

41.    "Calendar Week" means any week (i.e., seven consecutive 24-hour days from Monday to Sunday) during which a Class Member worked at least one shift.

42.    "Workweek" shall have the meaning as used in this paragraph. Each Calendar Week worked by a Class Member during the time period March 20, 2012 through July 17, 2014 shall constitute four (4) Workweeks.  Each

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

1   Calendar Week worked by a Class Member between March 20, 2011 through

2   March 19, 2012 shall constitute three (3) Workweeks.  Each Calendar Week

3   worked by a Class Member between March 20, 2010 through March 19, 2011

4   shall constitute two (2) Workweeks. Each Calendar Week worked by a Class

5   Member between March 20, 2009 through March 19, 2010 shall constitute one

6   (1) Workweek.

7       43.   "Total Workweeks" means the total of all Workweeks that all Class

8   Members worked during the Class Period calculated in the manner described in

9   Paragraph 42.

10      44.   "Workweek Point Value" means the ratio resulting from dividing

11  the Net Settlement Amount (less the Money Network Subclass Amount) by the

12  Total Workweeks.

13                    **TERMS OF AGREEMENT**

14      The Plaintiffs, on behalf of themselves and the Settlement Class, and

15  Defendant agree as follows:

16      45.   <u>Funding of the Class Settlement Amount</u>.  Defendants shall make a

17  one-time deposit to the Class Administrator in accordance with the Settlement

18  Agreement and order of the Court, totaling $1,850,000 for distribution of the

19  Class Settlement Amount.  After the Effective Date, the Class Settlement

20  Amount shall be used to pay: (1) all Class Members and Participating Money

21  Network Subclass Members; (2) the Class Counsel Award including court

22  approved costs; (3) the Class Representative Enhancement Payment; (4) Claims

23  Administration Costs, as limited by Paragraph 11; and (5) the Labor and

24  Workforce Development Agency Payment.

25      46.   <u>Class Counsel Award</u>. Class Counsel shall request attorneys' fees

26  not in excess of twenty-five percent (25%) of the Class Settlement Amount, or

27  not in excess of Four Hundred Sixty Two Thousand Five Hundred Dollars

28  ($462,500).  The Class Counsel Award shall also include the additional

1   reimbursement of any reasonable costs and expenses associated with Class

2   Counsel's litigation and settlement of the Action, up to Twenty Five Thousand

3   Dollars ($25,000), subject to the Court's approval.  Defendants agree not to

4   oppose Class Counsel's request for fees and reimbursement of reasonable costs

5   so long as they do not exceed the amounts set forth above.  Any portion of the

6   Class Counsel Award (including costs and expenses) not awarded to Class

7   Counsel shall be added to the Net Settlement Amount and proportionately

8   distributed to Class Members.

9          47.    <u>Class Representative Enhancement Payment</u>.  In exchange for a

10  general release, and in recognition of their efforts and work in prosecuting the

11  Action on behalf of Class Members, Defendants agree not to oppose or impede

12  any application or motion by Plaintiffs for Class Representative Enhancement

13  Payments of up to Five Thousand Dollars ($5,000) for Plaintiff Jessie Chavez

14  and up to Twenty Five Hundred Dollars ($2,500) for Plaintiff Anabel Armenta.

15  The Class Representative Enhancement Payment shall be in addition to the

16  Plaintiffs' Individual Settlement Payments and Individual Money Network

17  Subclass Payments (if applicable) paid pursuant to the Settlement.

18         48.    <u>Claims Administration Costs</u>.  The Class Administrator shall be paid

19  for the reasonable costs of administration of the Settlement and distribution of all

20  payments, up to a maximum of $61,000, from the Class Settlement Amount, and

21  any additional costs shall be paid as described in Paragraph 11.  These costs shall

22  include the required tax reporting on the Individual Settlement Payments and

23  Individual Money Network Subclass Payments, and the issuing of 1099 and W-2

24  IRS Forms.

25         49.    <u>Labor and Workforce Development Agency Payment</u>.  Subject to

26  Court approval, the Parties agree that the amount of Twenty Five Thousand

27  Dollars ($25,000) from the Class Settlement Amount shall be designated for

28  satisfaction of Plaintiffs' PAGA claim; 75% of which, or Eighteen Thousand

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Seven Hundred Fifty Dollars ($18,750), shall be paid to the LWDA with the remaining 25%, or Six Thousand Two Hundred Fifty Dollars ($6,250) allocated to the Net Settlement Amount to be distributed to Class Members.

50.    Money Network Subclass Payment.  From the Net Settlement Amount, Defendants will pay each Participating Money Network subclass member an Individual Money Network Subclass Payment, which will equal 100% of the fees or charges he or she incurred, directly or indirectly, in connection with his or her use of the Money Network payroll distribution service.  The amount of fees or charges a Money Network subclass member incurred will be based upon information made available by First Data Corporation.[3]

51.    Net Settlement Amount.  From the Net Settlement Amount, the Money Network Subclass Amount will be carved out pursuant to the terms of Paragraph 50.  The remainder of the Net Settlement Amount shall be used to satisfy all Individual Settlement Payments in accordance with Paragraph 56.

52.    Class Settlement Amount. Within fourteen (14) calendar days after the Effective Date, Defendants shall, according to the Settlement Agreement, deposit the Class Settlement Amount into an interest-bearing escrow account created by the Class Administrator.  All interest shall inure to the benefit of the Class.

53.    Initial Payments. Within five (5) business days after Defendants deposit the Class Settlement Amount into an interest-bearing account, the Class Administrator shall deduct all Initial Payments from the Class Settlement Amount and deliver them to the appropriate individuals or entities entitled to them in accordance with the terms of the Agreement and the Court's approval.

---

[3] First Data Corporation owns and operates the Money Network payroll distribution service, which was provided to Defendants by ADP under a contract for payroll services.

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

\LA - 039936/000006 - 1123318 v7

54.     Acknowledgement of Potential Administration Cost Increases.  The Parties hereby acknowledge that Claims Administration Costs may increase above the current estimate of $100,050, which includes $50,050 spent during the First Settlement administration.  All Claims Administration Costs, including any above the current estimate, shall be paid as described in Paragraph 11.

55.     Net Settlement Amount.  After deducting the Initial Payments from the Class Settlement Amount, the remaining Net Settlement Amount shall be used to satisfy the claims of all Class Members and Participating Money Network Subclass Members in the form of Individual Settlement Payments and Individual Money Network Subclass Payments.

56.     Individual Settlement Payment Calculations.  Individual Settlement Payments shall be calculated and apportioned from the Net Settlement Amount (less the Money Network Subclass Amount) based on the number of Workweeks (as defined in Paragraph 42) a Class Member worked during the Class Period. Specific calculations of Individual Settlement Payments shall be made as follows:

(a)  The Class Administrator shall calculate the Total Workweeks.

(b)  The value of each individual Workweek shall then be determined by dividing the proceeds of the Net Settlement Amount (less the Money Network Subclass Amount) by the Total Workweeks amount, resulting in the "Workweek Point Value".

(c)  An "Individual Settlement Payment" amount for each Class Member shall then be determined by multiplying the individual Class Member's number of Workweeks by the Workweek Point Value.

57.     Claims Administration Process.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

- 16 -

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

58.   <u>Delivery of the Class List</u>.  A Class List has already been provided to the Class Administrator, but Defendants shall provide to the Class Administrator any necessary revisions or updates within fourteen (14) calendar days of Preliminary Approval of the Second Amended Joint Stipulation of Class Settlement.

59.   <u>Notice by First-Class U.S. Mail</u>.  Within ten (10) calendar days after receiving any necessary revisions or updates to the Class List from Defendant, the Class Administrator shall mail a Notice Packet to all Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class List.

60.   <u>Confirmation of Contact Information in the Class Lists</u>.  Prior to mailing the Class Notices in connection with the parties' First Settlement Agreement, the Class Administrator performed a search based on the National Change of Address Database for information to update and correct for any known or identifiable address changes.  The Class Administrator also attempted to determine Class Members' correct addresses using a skip-trace, or other search using the name, address and/or Social Security number of the Class Member involved.  The Class Administrator shall rely on these addresses in connection with distributing the current Class Notice.  If any Notice Packets or Reminder Postcards addressed to a current employee of Defendants is returned as non-deliverable, the Notice Packets or Reminder Postcards will be delivered by hand to the employee at work.  As set forth in Paragraph 64, Defendant will not directly or indirectly discourage Class Members from submitting Claim Forms. Those Class Members who receive a re-mailed or hand-delivered Notice Packet shall have an additional twenty (20) calendar days beyond the Response Deadline to postmark a Claim Form, Request for Exclusion, or an objection to the Settlement.

61.   <u>Disposal of the Class List</u>.  Within six (6) months after Final

1   Approval of the Second Amended Settlement Agreement by the Court and

2   completion of the administration and distribution of the Individual Settlement

3   Payments and the Individual Money Network Subclass Payments by the Class

4   Administrator all originals, copies, documents, transcriptions, iterations, or drafts

5   of the Class List or any portion thereof shall be returned to Defendants and/or

6   destroyed with verification of such destruction.  If there is a matter or issue

7   pending pertaining to this Action when the time for disposal of the Class List has

8   arrived, the parties agree to discuss the Class Administrator's maintenance of the

9   Class List in good faith at that time.

10       62.   Notice Packets.  All Class Members will be mailed a Notice Packet.

11   Each Notice Packet will provide: (1) information regarding the nature of this

12   Action, (2) information regarding related actions, (3) a summary of the

13   Settlement's principal terms, (4) the Settlement Class definitions, (5) the total

14   number of Calendar Weeks and Workweeks each respective Class Member

15   worked for Defendants during the Class Period, (6) each Class Member's

16   estimated Individual Settlement Payment and the formula for calculating

17   Individual Settlement Payments, (7) the dates which comprise the Class Period,

18   (8) instructions on how to submit a valid Claim Form, Request for Exclusion, or

19   objection, (9) the deadlines by which the Class Member must postmark the

20   Claim Form (where applicable), Request for Exclusion, or file and serve

21   objections to the Settlement, and (10) the claims to be released, as set forth in

22   Paragraph 35.

23       63.   Disputed Information on Notice Packets.  Class Members shall have

24   an opportunity to dispute the information provided in their Notice Packets.  To

25   the extent Class Members dispute their employment dates or the number of

26   Calendar Weeks to which they have been credited, Class Members may produce

27   evidence to the Class Administrator showing that such information is inaccurate.

28   The Class Administrator shall decide the dispute.  Defendants' records will be

1   presumed correct, but the Class Administrator will evaluate the evidence

2   submitted by the Class Member and will make the final decision as to the merits

3   of the dispute.  The Class Administrator may ask Defendants to produce the

4   personnel and payroll files of the Class Member disputing his or her employment

5   dates or listed Calendar Weeks in order for the Class Administrator to resolve the

6   dispute.  Defendants shall comply within a reasonable time to the Class

7   Administrator's request.

8       64.    Claim Form Procedures.  To receive Individual Money Network

9   Subclass Payments, Participating Money Network Subclass Members shall be

10  required to either submit a timely Claim Form  by the Response Deadline or have

11  submitted a claim form in the First Settlement Agreement and not opted out of

12  this Settlement Agreement.  In other words, Participating Money Network

13  Subclass Members who previously submitted a claim form in the First

14  Settlement Agreement will not be required to file an additional claim form in

15  order to receive an Individual Money Network Subclass Payment.  All Claim

16  Forms must be signed and returned to the Class Administrator via fax, email or

17  first class mail postmarked by the Response Deadline.   No claim forms will be

18  required for receipt of Individual Settlement Payments.  The Class Administrator

19  shall provide a toll-free number for Class Members to call for assistance.

20  Defendants agree that they will not discourage, either directly or indirectly, Class

21  Members from submitting a Claim Form for Individual Money Network

22  Subclass Payments, from objecting to the settlement, or from filing a Request for

23  Exclusion.

24      65.    Defective Submissions.  If a Claim Form or Request for Exclusion

25  is defective as to the requirements listed herein, he or she shall be given an

26  opportunity to cure the defect(s).  The Class Administrator shall mail the Class

27  Member a cure letter within three (3) business days of receiving the defective

28  submission to advise him or her that the Submission is defective and that the

1  defect must be cured to render the Claim Form or Request for Exclusion valid.

2  The Class Member shall have until the later of (i) Response Deadline or (ii)

3  twenty (20) calendar days from the date of the cure letter, whichever date is later,

4  to postmark, fax or email a revised Claim Form or Request for Exclusion. If the

5  revised Claim Form is not postmarked or received by fax or email within that

6  period, it shall be deemed untimely. The Class Administrator shall provide a toll-

7  free number for Class Members with defective submissions to call for assistance.

8        66.    Request for Exclusion Procedures.  Any Class Member wishing to

9  opt-out from the Settlement Agreement must sign and postmark a written

10 Request for Exclusion to the Class Administrator within the Response Deadline.

11 The date of the postmark on the return mailing envelope shall be the exclusive

12 means to determine whether a Request for Exclusion has been timely submitted.

13       67.    Settlement Terms Bind All Class Members Who Do Not Opt-Out.

14 Any Class Member who does not affirmatively opt-out of the Settlement

15 Agreement by submitting a timely Request for Exclusion shall be bound by all of

16 its terms, including those pertaining to the Released Claims, as well as any

17 Judgment that may be entered by the Court if it grants final approval to the

18 Settlement.

19       68.    Objection Procedures.  To object to the Settlement Agreement, a

20 Class Member must file a valid Notice of Objection with the Court and serve

21 copies of the Notice of Objection on the Parties on or before the Response

22 Deadline.  The Notice of Objection must be signed by the Class Member and

23 contain all information required by this Settlement Agreement.  The postmark

24 date of the filing and service shall be deemed the exclusive means for

25 determining that the Notice of Objection is timely.  Class Members who fail to

26 object in the manner specified above shall be deemed to have waived all

27 objections to the Settlement and shall be foreclosed from making any objections

28 (whether by appeal or otherwise) to the Settlement Agreement.  Class Members

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

\LA - 039936/000006 - 1123318 v7

1   who file and serve timely notices of objection will have a right to appear at the

2   Final Approval Hearing in order to have their objections heard by the Court.  At

3   no time shall any of the Parties or their counsel seek to solicit or otherwise

4   encourage Class Members to submit written objections to the Settlement

5   Agreement or appeal from the Order and Judgment.  Class Counsel shall not

6   represent any Class Members with respect to any such objections to this

7   Settlement.

8        69.   Certification Reports Regarding Individual Settlement Payment

9   Calculations. The Class Administrator shall provide Defendants' Counsel and

10  Class Counsel a report which certifies: (i) the number of Participating  Money

11  Network Subclass Members who have submitted valid Claim Forms; (ii) the

12  number of Class Members who have submitted valid Requests for Exclusion;

13  and (iii) whether any Class Member has submitted a challenge to any

14  information contained in their Claim Form or Notice Packet within 10 days of

15  the Response Deadline.  Additionally, the Class Administrator will provide to

16  counsel for both Parties any interim reports regarding the administration of the

17  Settlement Agreement as needed or requested by either party individually, or by

18  the Parties jointly.

19       70.   Distribution Timing of Individual Settlement Payments.  Within

20  thirty (30) calendar days after the Effective Date, First Data shall send the

21  Claims Administrator a list of all fees paid by Participating Money Network

22  Class Members.  Within sixty (60) calendar days after the Effective Date, all

23  Class Members and Participating Money Network Class Members shall be

24  mailed Individual Settlement Payments.

25       71.   Uncashed Settlement Checks.  Any checks issued by the Class

26  Administrator to Class Members shall be negotiable for at least 120 calendar

27  days.  At the conclusion of 120 calendar days from the date of issuance of the

28  Individual Settlement Payment checks, the Class Administrator will contact by

\LA - 039936/000006 - 1123318 v7

1   telephone any Class Member or Participating Money Network Subclass Member

2   whose settlement check remains un-cashed.  If the Class Administrator is unable

3   to contact the Class Member by telephone, it will try to reach the Class Member

4   by mail.  The Class Member or Participating Money Network Subclass Member

5   will have an additional thirty (30) calendar days from the telephone call to cash

6   the settlement check.  Those funds represented by settlement checks remaining

7   un-cashed for more than one hundred fifty (150) calendar days after issuance, if

8   any, shall be allocated on a cy pres basis to an appropriate charity mutually

9   selected by the Parties.

10      72.   Certification of Completion. Upon completion of administration of

11  the Settlement, the Class Administrator shall provide a written declaration under

12  oath to certify such completion to the Court and counsel for all Parties.

13      73.   Claims Administration Costs if Settlement Fails or is Delayed.  If an

14  objection to the Settlement Agreement is filed with the Court, regardless of the

15  ultimate outcome of any appeals taken, or if the Settlement is voided, delayed or

16  rescinded, any costs incurred by the Class Administrator shall be shared equally

17  by Plaintiffs and Defendants.

18      74.   Class Costs if Settlement Fails or is Delayed.  Class Costs are any

19  costs incurred by the Class that do not include Claims Administration Cost.

20  Defendants shall not be responsible for fees, costs, or expenses incurred by the

21  Class related to Class Members who submit objections to the Settlement

22  Agreement or any appeals arising from the Action for attorneys' fees, costs, or

23  expenses of any kind unless otherwise provided for in this Settlement Agreement

24  or by law.

25      75.   Treatment of Individual Settlement Payments.  All Individual

26  Settlement Payments and Individual Money Network Subclass Payments will be

27  allocated as follows.  One hundred percent (100%) of each Individual Money

28  Network Subclass Payment shall be allocated as a reimbursement.  Twenty-five

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

1  percent (25%) of each Individual Settlement Payment shall be allocated as

2  damages and seventy-five percent (75%) of each Individual Settlement Payment

3  shall be allocated as interest and penalties and shall be reported on an IRS Form-

4  1099.  The portion allocated to damages shall be reported on an IRS Form W-2

5  and the portions allocated to interest and penalties shall be reported on an IRS

6  Form-1099.  For the portion of the Class Members' Individual Settlement

7  Payments that are allocated as "damages," Defendants shall pay the employer

8  contributions of all federal, state and local taxes (including, but not limited to,

9  FICA, FUTA, SDI, etc.).  The Class Member's contribution of all federal, state

10 and local taxes (including, but not limited to, FICA, FUTA, SDI, etc.) will be

11 withheld and paid on the class member's behalf by Defendants.  Moreover,

12 unless the Class Member has a sufficient number of exemptions, as set forth in in

13 his or her Forms W-4 and DE-4, Defendants shall withhold from the individual

14 settlement payments funds necessary to pay the income taxes.  Defendants will

15 withhold federal and state income taxes based on the filing status and

16 exemptions claimed on properly completed Forms W-4 and DE-4.  Taxes may be

17 withheld at the maximum prescribed rates if Defendants do not receive properly

18 completed Forms W-4 and DE-4.

19      76.    Responsibility for Payment of Employer Payroll Taxes.  To the

20 extent that any portions of Class Members' settlement proceeds constitute wages,

21 Defendants shall be responsible to pay the employers' share of any payroll taxes

22 associated with the wage portion of the settlement awards, including the

23 employer FICA, FUTA, and SDI contributions; any unpaid portion of the

24 Settlement may be used to pay the employers' share of the payroll taxes.

25      77.    Administration of Taxes by the Class Administrator.  The Class

26 Administrator shall be responsible for issuing to Plaintiffs, Class Members, and

27 Class Counsel any W-2, 1099, or other tax forms as may be required by law for

28 all amounts paid pursuant to this Agreement.  The Class Administrator shall also

\LA - 039936/000006 - 1123318 v7

1    be responsible for forwarding all payroll taxes and penalties to the appropriate

2    government authorities.

3          78.   <u>Release of Claims by Class Members</u>. Upon the Effective Date,

4    Plaintiffs and all Class Members shall waive and forfeit all Released Claims

5    against Defendants, as well as Defendants' affiliates, employees, officers,

6    directors and agents, and all related entities.

7          79.   <u>Release of Additional Claims & Rights by Plaintiffs</u>.  Upon the

8    Effective Date, as a condition of receiving any portion of their Class

9    Representative Enhancement Payments, Plaintiffs shall hereby agree to the

10   additional following General Release.

11         Plaintiffs hereby release, acquit, and forever discharge Defendants, their

12   parents, subsidiaries and affiliates, and each of them, and their respective

13   agents, general agents, insurers, reinsurers, payroll companies, attorneys,

14   representatives, owners, stockholders, policyholders, principals, partners,

15   employees, officers, directors, trustees, heirs, successors, predecessors,

16   assigns, parent corporations, subsidiaries, affiliated companies, and each

17   and all of them, of and from any and all obligations, debts, claims,

18   liabilities, demands, and causes of action of every kind, nature and

19   description whatsoever, whether or not now known, suspected or claimed,

20   which they ever had, now have, or may hereafter acquire by reason of

21   employment with Defendants, accruing from the beginning of time until

22   July 17, 2014, including all claims, known or unknown.  To the extent that

23   the foregoing releases of the Plaintiffs are releases to which Section 1542

24   of the California Civil Code or similar provisions of other applicable law

25   may apply, the foregoing releases shall be effective as a bar to any and all

26   claims of any character, nature or kind, known or unknown, suspected or

27   unsuspected specified herein.  Plaintiffs expressly waive any and all rights

28   and benefits conferred upon them by the provisions of Section 1542 of the

1      California Civil Code or similar provisions of applicable law.

2          80.    Nullification of Settlement Agreement.  In the event that:  (i) the

3   Court does not enter the Order specified herein; (ii) the Court does not finally

4   approve the Settlement as provided herein; (iii) the Court does not enter a

5   Judgment as provided herein, which becomes final as a result of the occurrence

6   of the Effective Date; or (iv) the Settlement does not become final for any other

7   reason, then this Settlement Agreement, and any documents generated to bring it

8   into effect, shall be null and void.  Any order or judgment entered by the Court

9   in furtherance of this Settlement Agreement shall likewise be treated as void

10  from the beginning.  If the Settlement Agreement is voided, the Parties shall be

11  returned to their respective statuses as of the date and time immediately prior to

12  the execution of this Settlement Agreement, and the Parties shall proceed in all

13  respects as if this Settlement Agreement had not been executed, except that any

14  costs already incurred by the Class Administrator shall be paid in accordance

15  with the terms of this Agreement.  If an appeal is filed from the Court's

16  Judgment, or any other appellate review is sought prior to the Effective Date,

17  administration of the Settlement shall be stayed pending final resolution of the

18  appeal or other appellate review, but any fees incurred by the Class

19  Administrator prior to it being notified of the filing of an appeal from the Court's

20  Judgment, or any other appellate review, shall be paid to the Class Administrator

21  by Plaintiffs and Defendants, in equal shares, within thirty (30) calendar days of

22  said notification.

23         81.    Preliminary Approval Hearing.  Plaintiffs shall obtain a hearing

24  before the Court to request the Preliminary Approval of the Second Amended

25  Settlement Agreement, and the entry of a Preliminary Approval Order for: (i)

26  conditional certification of the Settlement Class for settlement purposes only, (ii)

27  preliminary approval of the proposed Second Amended Settlement Agreement,

28  (iii) setting a date for a Final Approval/Settlement Fairness Hearing.  The

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

\LA - 039936/000006 - 1123318 v7

1   Preliminary Approval Order shall provide for the Notice Packet to be sent to all

2   Class Members as specified herein.  In conjunction with the Preliminary

3   Approval hearing, Plaintiffs shall submit this Second Amended Settlement

4   Agreement, which sets forth the terms of this Settlement, and will include the

5   proposed Notice Packet, which shall include both the proposed Notice of Class

6   Action Settlement document and the proposed Claim Form, attached as Exhibits

7   1-2.

8        82.   Final Settlement Approval Hearing and Entry of Judgment.  Upon

9   expiration of the deadlines to postmark Claim Forms, Requests for Exclusion, or

10  objections to the Settlement Agreement, and with the Court's permission, a Final

11  Approval/Settlement Fairness Hearing shall be conducted to determine the Final

12  Approval of the Settlement Agreement along with the amounts properly payable

13  for (i) Individual Settlement Payments; (ii) Individual Money Network Subclass

14  Payments (iii) the Labor and Workforce Development Agency Payment; (iv) the

15  Class Counsel Award; (v) the Class Representative Enhancement Payment; and

16  (vi) all Claims Administration Costs.  The Final Approval/Settlement Fairness

17  Hearing shall not be held earlier than sixty (60) calendar days after the Response

18  Deadline.

19       83.   Judgment and Continued Jurisdiction.   Upon final approval of the

20  Settlement by the Court or after the Final Approval/Settlement Fairness Hearing,

21  the Parties shall present the Judgment to the Court for its approval.  After entry

22  of the Judgment, the Court shall have continuing jurisdiction solely for purposes

23  of addressing: (i) the interpretation and enforcement of the terms of the

24  Settlement, (ii) Settlement administration matters, and (iii) such post- Judgment

25  matters as may be appropriate under court rules or applicable law, or as set forth

26  in this Agreement.

27       84.   Extension of Postmark Deadlines falling on a Sunday or Federal

28  Holiday. If the last day to postmark any mailing under this agreement falls on a

26

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Sunday or Federal holiday, the postmark deadline will be extended to the next day on which the U.S. Postal Service is open.

85.   <u>Exhibits Incorporated by Reference</u>.  The terms of this Agreement include the terms set forth in any attached Exhibit, which are incorporated by this reference as though fully set forth herein.  Any Exhibit to this Agreement is an integral part of the Settlement.

86.   <u>Interim Stay of Proceedings</u>.  The Parties agree to refrain from further litigation of this matter, except such proceedings necessary to implement and obtain an order granting final approval of the terms of the Settlement Agreement.  The Parties further agree that the mutual, voluntary cessation of litigation shall terminate if the motion for final approval of the Settlement Agreement is denied by the Court.

87.   <u>Confidentiality Agreement</u>.  The Parties and their respective attorneys agree that the terms of this Agreement and the negotiations leading to its execution shall not be discussed with or promoted to the media without the advance written consent of the opposite party or as required by the Court. Notwithstanding the foregoing, either party may (a) respond to inquiries from the press, and may tell the public in general that this Action "has been resolved between the Parties"; and (b) disclose the terms of this Agreement to Class Members and the Court in order to obtain preliminary and final approvals of the Agreement.

88.   <u>Entire Agreement</u>.  This Settlement Agreement and any attached Exhibit constitutes the entirety of the Parties' settlement terms.  No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

89.   <u>Amendment or Modification</u>.  This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest. - 27 -

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

90.   <u>Authorization to Enter Into Settlement Agreement</u>.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

91.   <u>Binding on Successors and Assigns</u>.  This Settlement Agreement shall be binding upon, and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and/or assigns.

92.   <u>California Law Governs</u>.  All terms of this Settlement Agreement and Exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

93.   <u>Execution and Counterparts</u>.  This Settlement Agreement is subject only to the execution of all Parties.  However, the Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties shall exchange among themselves original signed counterparts.

94.   <u>Acknowledgement that the Settlement is Fair and Reasonable</u>.  The Parties believe this Settlement Agreement is a fair, adequate and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations, and in the context of adversarial litigation, taking into account all relevant factors, present and potential.- The Parties further acknowledge that they

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Agreement. The Court may, in its discretion, contact the Mediator to discuss the Settlement and whether or not the Settlement is objectively fair and reasonable.

95. <u>Invalidity of Any Provision</u>. Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

96. <u>Waiver of Certain Appeals</u>. The Parties agree to waive appeals and to stipulate to class certification for purposes of this Settlement only; except, however, that Plaintiffs or Class Counsel may appeal any reduction in the Class Counsel Award below the amount it requests from the Court, and either party may appeal any court order that materially alters the Settlement Agreement's terms.

97. <u>Class Action Certification for Settlement Purposes Only</u>. The Parties agree to stipulate to class action certification only for purposes of the Settlement. If, for any reason, the Settlement is not approved, the stipulation to certification will be void. The Parties further agree that certification for purposes of the Settlement is not an admission that class action certification is proper under the standards applied to contested certification motions and that this Settlement Agreement will not be admissible in this or any other proceeding as evidence that either (i) a class action should be certified or (ii) Defendants are liable to Plaintiffs or any Class Member.

98. <u>All Terms Subject to Final Court Approval</u>. All amounts and procedures described in this Settlement Agreement herein shall be subject to final Court approval.

99. <u>Cooperation and Execution of Necessary Documents</u>. All Parties

1  shall cooperate in good faith and execute all documents to the extent reasonably

2  necessary to effectuate the terms of this Settlement Agreement.

3      100.  Cooperation in Drafting. The Parties have cooperated in the drafting

4  and preparation of this Settlement Agreement.  This Settlement Agreement shall

5  not be construed against any Party on the basis that the Party was the drafter or

6  participated in the drafting.

7      101.  Arms-Length Agreement.  The Parties agree that this is a fair,

8  reasonable and adequate Settlement and have arrived at this Settlement through

9  arms-length negotiations, including use of Michael Loeb as mediator, in arriving

10  at the Class Settlement Amount and taking into account all relevant factors,

11  present and potential.

12      102.  CAFA Notice. Pursuant to 28 U.S.C. § 1715, no later than ten (10)

13  days after Plaintiffs move for a Preliminary Approval Order, Defendants shall

14  serve notice of this settlement on the Attorney General of the United States and

15  the attorney general or other appropriate state official in each state in which a

16  Class Member resides at the time of notice.  If Defendants later learn that a Class

17  Member resides in a state other than the state noted in Defendants' records,

18  Defendants will provide or supplement the CAFA Notice(s) to the appropriate

19  state official in each state where a Class Member is then-found to reside.

20      103.  Binding Agreement.  The Parties warrant that they understand and

21  have full authority to enter into this Agreement, and further intend that this

22  Agreement shall be fully enforceable and binding on all parties, and agree that it

23  shall be admissible and subject to disclosure in any proceeding to enforce its

24  terms, notwithstanding any mediation confidentiality provisions that otherwise

25  might apply under federal or state law.

26

27

28

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

\LA - 039936/000006 - 1123318 v7

## SIGNATURES
### READ CAREFULLY BEFORE SIGNING

**PLAINTIFF**: Jesse Chavez

Dated: _3 | 6 | 15_

Plaintiff Jesse Chavez

**PLAINTIFF**: Anabel Armenta

Dated: _____

Plaintiff Anabel Armenta

**DEFENDANT**: PVH Corp. (sued herein as "PVH Corporation")

Dated: _3 | 5 | 15_

Mark Fischer
Please Print Name of Authorized Signatory

**DEFENDANT**: PVH Retail Stores, LLC

Dated: _3 | 5 | 15_

Mark Fischer
Please Print Name of Authorized Signatory

- 31 -
SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

# SIGNATURES
## READ CAREFULLY BEFORE SIGNING

**PLAINTIFF:** Jesse Chavez

Dated: ...............................

_____
Plaintiff Jesse Chavez


**PLAINTIFF:** Anabel Armenta

Dated: _03/10/2015_

_____
Plaintiff Anabel Armenta


**DEFENDANT:** PVH Corporation

Dated: .......................

_____

_____
Please Print Name of Authorized
Signatory

**DEFENDANT:** PVH Retail Stores,
LLC

Dated: .......................

_____

_____
Please Print Name of Authorized
Signatory


**DEFENDANT:** Tommy Hilfiger Retail,
LLC

Dated: _____

- 31 -
SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

**DEFENDANT:** Tommy Hilfiger Retail, LLC

Dated: 3/5/15

_Mark Fischer_

Please Print Name of Authorized Signatory

## APPROVED AS TO FORM

Dated: 3/6/15

DIVERSITY LAW GROUP, P.C.

By: _____
Larry W. Lee

Dated: 3/6/15

POLARIS LAW GROUP

By: _____
William L. Marder

Dated: 3/_5/15

HOGAN LOVELLS US LLP

By: _____
Dean Hansell

WLA - 039936/000006 - 1123318 v7

# Exhibit 1

*Chavez v. PVH Corporation* United States District Court, Northern District of California Case No. 13-CV-01797

NOTICE OF AMENDED CLASS ACTION SETTLEMENT

*This notice affects your rights.  Please read it carefully.*

To: All current and former employees who worked for PVH Corp., PVH Retail Stores, LLC or Tommy Hilfiger Retail, LLC ("Defendants") anywhere within the State of California at any time from March 20, 2009 through July 17, 2014, inclusive.

**THIS NOTICE REPLACES THE PREVIOUS NOTICE YOU RECEIVED IN 2014 IN CONNECTION WITH THIS LITIGATION, AND YOU SHOULD REVIEW THIS NOTICE CAREFULLY.**

On _____2015, the Honorable Lucy H. Koh of the United States District Court, Northern District of California – San Jose Courthouse, granted preliminary approval of this **amended** class action settlement and ordered the litigants to notify all Class Members of the Settlement.  **You have received this notice because Defendants' records indicate that you may be a Class Member, and therefore may be entitled to a payment from the Settlement.**

Unless you opt out by _____ 2015, you will receive payment based on the number of weeks worked and when those weeks were worked.  You may also be eligible to receive additional funds if you have used the Money Network payroll distribution service in connection with your employment by Defendants, but to be eligible to receive such funds, you must mail, fax or email a Claim Form (enclosed) to the Class Administrator by not later than _____2015.  If you fail to postmark, fax or email a Claim Form by _____2015, you will not receive a payment for fees associated with use of the Money Network payroll distribution service, but you will be bound by the settlement terms.  The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at 1:30 p.m. on _____ in Courtroom 8 - 4th Floor of the United States District Court, Northern District of California – San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113.  You are not required to attend the Hearing.

## Summary of the Litigation

On March 20, 2013, Plaintiff Jesse Chavez ("Chavez") filed a class action lawsuit against Defendant PVH Corporation alleging causes of action for violations of California labor laws.  The lawsuit was removed to federal court on April 19, 2013.  On July 3, 2013, Chavez further amended his complaint to include a new cause of action for penalties under the Private Attorneys General Act of 2004, Labor Code section 2698, *et seq.* ("PAGA"), and include individual, non-class and non-representative causes of action[1].

On December 10, 2013, Chavez amended his complaint a second time to include Anabel Armenta, (Chavez and Armenta, collectively, "Plaintiffs") as Plaintiff, and PVH Corp., PVH Retail Stores, LLC and Tommy Hilfiger Retail, LLC as Defendants (collectively, "Defendants"), and to expand his existing California labor law causes of action, allege claims for violation of additional California labor laws, and allege each of the California Labor Code causes of action in violation of Business & Professions Code sections 17200, *et seq.*

The Second Amended Complaint sets forth putative class and representative causes of action against Defendants for: (1) failure to pay timely wages upon termination pursuant to sections 201 and 202 and penalties under section 203; (2) failure to timely pay all wages due during employment pursuant to section 204; (3) failure to provide accurate, itemized wage statements pursuant to section 226(a); (4) penalties under PAGA; and (5) unlawful and/or unfair business practices pursuant to Business and Professions Code section 17200, *et seq.*

Two other lawsuits, which include some similar or overlapping claims, are pending against PVH Corp. in federal courts.  *Lapan v. PVH Corp.*, Northern District of California Case No. 5:13-CV-05006, primarily focuses on the use of the Money Network payroll distribution service.  *Scott-George v. PVH Corp.*, Eastern District of California Case No. 2:13-CV-0441, includes wage statement and Money Network payroll distribution service claims along with several other unrelated labor law claims.  In January 2015, *Rosario J. Lopez v. PVH Corp.*, Los Angeles Superior Court, Case No. BC570019, was filed in Los Angeles Superior Court; it includes a Section 226(a) claim along with other labor law claims.

In the Chavez case, the Defendants and Plaintiffs (collectively the "Parties") exchanged relevant information and evidence before agreeing to participate in private mediation to attempt to resolve the claims in the case.  On December 12, 2013,

---

[1] The Individual Claims are not included in this Settlement Agreement.

**Questions?  Contact the Class Administrator toll free at 1-877-872-3810**

1

\LA - 039936/000006 - 1123350 v3

the Parties participated in mediation with Michael Loeb, a respected mediator of labor and employment wage and hour class actions. With Mr. Loeb's guidance, the Parties were able to negotiate a settlement of Plaintiffs' claims.

The Parties' previous agreement was preliminarily approved by the Court in July 2014, but in February 2015, the Court denied final approval in this matter because of concerns about the scope of the release and the adequacy of notice to the Class. To address those concerns, the Parties revised their agreement by limiting the release, removing the claims process for most of the settlement fund, and providing this additional notice. **Because the terms have changed, you are receiving this amended notice. However, <u>if you previously filed a claim form, you are not required to file another form to be eligible for your maximum payment</u> under the settlement. If you no longer want to participate in the settlement though, you must file a Request for Exclusion.**

Counsel for Plaintiffs, and the attorneys appointed by the Court to represent the Class, Diversity Law Group, P.C. and Polaris Law Group, LLP ("Class Counsel"), have investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law. While Class Counsel believe that the claims alleged in this lawsuit have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement. Based on the foregoing, Class Counsel believe the proposed settlement is fair, adequate, reasonable, and in the best interests of the Class Members.

Defendants have conducted a thorough investigation regarding the allegations raised by Plaintiffs in this lawsuit. Based on its investigation, which focused on concrete data, available facts, and all applicable law, Defendants determined that they were not and should not be held liable regarding Plaintiffs' claims. Despite Defendants' good faith belief that they were not liable for any of the claims asserted by Plaintiffs, Defendants settled this lawsuit to obtain their conclusive and complete dismissal and to avoid: (i) the distraction and diversion of personnel and resources; and (ii) the expense, inconvenience, burden, and risks associated with litigation. By agreeing to settle, Defendants are not admitting liability on any of the factual allegations or claims in the case or that the case can or should proceed as a class action. Defendants have agreed to settle the case as part of a compromise with Plaintiffs.

## Summary of Settlement Terms

Plaintiffs and Defendants have agreed to settle the underlying Class claims in exchange for the Class Settlement Amount of $1,850,000.00. This amount is inclusive of: (1) Individual Settlement Payments to Class Members and all Individual Money Network Subclass Payments to Participating Money Network Subclass Members; (2) Class Representative Enhancement Payments of up to $5,000.00 to Plaintiff Jesse Chavez and $2,500.00 to Plaintiff Anabel Armenta for their services on behalf of the Class; (3) not more than $462,500 in attorneys' fees and not more than $25,000 in costs; (4) payment of $18,750 to the California Labor and Workforce Development Agency ("LWDA") in connection and accordance with PAGA; and (5) reasonable Claims Administrator's fees and expenses up to $61,000. Additional claims administration costs will be split equally between Defendants and Plaintiffs' Class Counsel. After deducting the Class Representative Enhancement Payments, attorneys' fees and costs, the payment to the LWDA, and the Claims Administrator's fees up to $61,000 and expenses, a total of approximately $1,275,250.00 ("Net Settlement Amount") will be available for Class Members and Participating Money Network Subclass Members. Defendants will pay each Participating Money Network Subclass Member an Individual Money Network Subclass Payment, which will equal 100% of all fees or charges he or she incurred directly in connection with his or her use of the Money Network payroll distribution service. The total possible amount of payments to be made to the Money Network Subclass Members will be approximately $103,676. The remainder of the Net Settlement Amount shall be used to satisfy all Individual Settlement Payments to Class Members.

The Class Administrator will make settlement payments to each Class Member. Participating Money Network Subclass Members will also receive Individual Money Network Subclass Payments equal to the total amount of all fees or charges incurred directly in connection with use of the Money Network payroll distribution service. The proportion of the Individual Settlement Payment each Class Member receives will be based on the number of Calendar Weeks each Class Member worked during the relevant Class Period. Specific calculations of Individual Settlement Payments shall be made as follows:

(a) The Class Administrator shall calculate the total aggregate number of Workweeks that all Class Members worked during the Class Period. Each Calendar Week worked by a Class Member during the time period March 20, 2012 through July 17, 2014 shall constitute four (4) Workweeks. Each Calendar Week worked by a Class Member between March 20, 2011 through March 19, 2012, shall constitute three (3) Workweeks. Each Calendar Week worked by a Class Member between March 20, 2010 through March 19, 2011, shall constitute two (2) Workweeks. Each Calendar Week worked by a Class

\LA - 039936/000006 - 1123350 v3

Member between March 20, 2009 through March 19, 2010, shall constitute one (1) Workweek. The total of all Workweeks that all Class Members worked during the Class Period calculated in this manner will be the "Total Workweeks".

(b) The value of each individual Workweek shall then be determined by dividing the proceeds of the Net Settlement Amount (less the Money Network Subclass Amount) by the Total Workweeks amount, resulting in the "Workweek Point Value".

(c) An "Individual Settlement Payment" amount for each Participating Class Member shall then be determined by multiplying the individual Participating Class Member's number of Workweeks by the Workweek Point Value.

IRS Forms W-2 and 1099 will be distributed to Participating Class Members and the appropriate taxing authorities reflecting the payments they receive under the Settlement. Class Members should consult their tax advisors concerning the tax consequences of the payments they receive under the Settlement. For purposes of this settlement, one hundred percent (100%) of each Individual Money Network Subclass Payment will be treated as a reimbursement. Twenty-five percent (25%) of each Individual Settlement Payment will be treated as damages and seventy-five percent (75%) of each Individual Settlement Payment will be treated as interest and penalties.

## YOUR OPTIONS UNDER THE SETTLEMENT

### *If You Did NOT File A Claim Form In 2014 In This Litigation Or You Opted Out:*

*Option 1 – Submit the enclosed Claim Form to be Eligible for Money Network Payroll Distribution Service Reimbursement*

You are not required to do anything to receive money based on the weeks worked from March 20, 2012 through July 17, 2014.

However, if you also want to be eligible to receive money for use of the Money Network payroll distribution service, you **must** complete and sign the enclosed Claim Form. You need to complete the Claim Form and promptly mail, fax or email it to the Class Administrator postmarked, faxed or emailed no later than _____ 2015.

This Claim Form contains personal information and for this reason, it is recommended that your document be password protected or encrypted prior to sending via email.

*Option 2 – Submit Nothing*

If you do not submit a Claim Form and/or a Request for Exclusion, you will receive a payment based on the weeks worked from March 20, 2012 through July 17, 2014. You will **NOT** receive a payment for your use of the Money Network payroll distribution service.

*Option 3 – Opt Out of the Settlement*

If you do not wish to participate in the Settlement, you must exclude yourself from participating by submitting a written request to the Class Administrator expressly and clearly indicating that you have received this Notice of Class Action Settlement, decided not to participate in the Settlement, and desire to be excluded from the Settlement. The written request for exclusion must set forth your name, address, telephone number, and last four digits of your Social Security Number. Sign, date, and mail, fax or email the request for exclusion, to the address below.

Chavez v. PVH Corporation
c/o Rust Consulting, Inc. - 4215
P.O. Box 2396
Faribault, MN 55021-9096
Fax Number: 1-866-708-0918
Email Address: claims@chavezvpvhsettlement.com

Your request for exclusion contains personal information and for this reason, it is recommended that your document be password protected or encrypted prior to sending via email.

The written request to be excluded must be postmarked, faxed or emailed no later than _____ 2015. If you submit a request for exclusion that is not postmarked, faxed or email by _____ 2015, your request for exclusion will be rejected and you will be included in the Settlement Class.

*Option 4 – If You Want to Inform the Court That You Object to the Settlement*

**Questions? Contact the Class Administrator toll free at 1-877-872-3810**

3

If you wish to object to the Settlement because you find it unfair, unreasonable, or inadequate, you may file with the Court an objection stating why you object to the Settlement. Your objection must state your full name, address, telephone number, dates of employment with Defendant, and the basis for your objection. The objection must be filed with the Court and mailed to the Chavez v. PVH Corporation, c/o Rust Consulting, Inc. – 4215, P.O. Box 2396, Faribault, MN 55021-9096, and the attorneys listed below:

| DIVERSITY LAW GROUP, P.C. | HOGAN LOVELLS US LLP |
|---|---|
| Larry W. Lee | Dean Hansell |
| 550 S. Hope Street, Suite 2655 | 1999 Avenue of the Stars, Suite 1400 |
| Los Angeles, CA 90071 | Los Angeles, CA 90067 |

All objections must be filed with the Court not later than _____ 2015. Late objections will not be considered. By filing an objection, you are not excluding yourself from the Settlement. To exclude yourself from the Settlement, you must follow the directions described above. Please note that you cannot both object to the Settlement and exclude yourself. You must choose one option only.

You may also, if you wish, appear at the Final Approval Hearing set for _____ 2015, at 1:30 p.m. in Courtroom 8 of the United States District Court, Northern District of California - San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113, and discuss your objection with the Court and the Parties at your own expense. You may have a lawyer represent you.

If you choose **Option 1 or Option 2**, and if the Court grants final approval of the Settlement, you will be mailed a check for your share of the settlement fund. In addition, you will be deemed to have released or waived the following claims ("Released Claims):

> Any and all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from, or related to the facts occurring during the Settlement Class Period as alleged in the Second Amended Complaint, including: (a) any alleged failure by Defendants to pay any and all wages due to the payment of wages using the Money Network payroll distribution service; (b) any alleged failure by Defendants to provide compliant wage statements; (c) any alleged right or claim for civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* arising from the conduct alleged in the Action; (d) any alleged right or claim for unfair business practices in violation of California Business & Professions Code § 17200, *et seq.* arising from the conduct alleged in the Action; (e) any and all wage claims associated with fee and other charge deductions and payments made through the use of the Money Network payroll distribution service; and (f) any other state or federal statute, rule and/or regulation, or similar causes of action relating to the payment of wages or reimbursement of wages, and/or any related PAGA penalties and interest, based on the claims that have been or could have been asserted in the Second Amended Complaint.

> The release of California Labor Code § 203 penalties is limited to claims arising out of the use of the Money Network payroll distribution system.

If you choose **Option 3**, you will no longer be a Class Member, you will: (1) be barred from participating in the Settlement, but you will not be deemed to have released the Released Claims; (2) be barred from filing an objection to the Settlement; and (3) not receive a payment from the Settlement.

If you choose **Option 4**, you will still be entitled to the money from the Settlement under the same terms as Option 1. If the Court overrules your objection, you will be deemed to have released the Released Claims.

**If you choose to do nothing, and if the Court grants final approval of the Settlement, you will be deemed to have released the Released Claims even if you did not receive the maximum amount to which you may have been entitled.** If you do not want to be deemed to have released the Released Claims, you must exclude yourself from the Settlement by following Option 3.

### *If You DID File A Claim Form In 2014 In This Litigation:*

### *Option 1 –Do Nothing*

Because you previously indicated that you want to participate in settlement of this litigation, you will receive the maximum payment for which you are eligible if you do nothing.

### *Option 2 – Opt Out of the Settlement*

Questions?  Contact the Class Administrator toll free at 1-877-872-3810

4

If you do not wish to participate in the Amended Settlement, you must exclude yourself by submitting a written request to the Class Administrator expressly and clearly indicating that you have received this Notice of Class Action Settlement, decided not to participate in the Settlement, and desire to be excluded from the Settlement.  The written request for exclusion must set forth your name, address, telephone number, and last four digits of your Social Security Number.  Sign, date, and mail, fax or email the request for exclusion, to the address below.

Chavez v. PVH Corporation
c/o Rust Consulting, Inc. - 4215
P.O. Box 2396
Faribault, MN 55021-9096
Fax Number:  1-866-708-0918
Email Address:  claims@chavezpvhsettlement.com

Your request for exclusion contains personal information and for this reason, it is recommended that your document be password protected or encrypted prior to sending via email.

The written request to be excluded must be postmarked, faxed or emailed no later than _____2015.  If you submit a request for exclusion that is not postmarked, faxed or email by _____2015, your request for exclusion will be rejected and you will be included in the Settlement Class.

## Option 3 – If You Want to Inform the Court That You Object to the Settlement

If you wish to object to the Settlement because you find it unfair, unreasonable, or inadequate, you may file with the Court an objection stating why you object to the Settlement.  Your objection must state your full name, address, telephone number, dates of employment with Defendant, and the basis for your objection.  The objection must be filed with the Court and mailed to the Chavez v. PVH Corporation, c/o Rust Consulting, Inc. – 4215, P.O. Box 2396, Faribault, MN 55021-9096, and the attorneys listed below:

| DIVERSITY LAW GROUP, P.C. | HOGAN LOVELLS US LLP |
| --- | --- |
| Larry W. Lee | Dean Hansell |
| 550 S. Hope Street, Suite 2655 | 1999 Avenue of the Stars, Suite 1400 |
| Los Angeles, CA  90071 | Los Angeles, CA 90067 |

All objections must be filed with the Court not later than _____2015.  Late objections will not be considered.  By filing an objection, you are not excluding yourself from the Settlement.  To exclude yourself from the Settlement, you must follow the directions described above.  Please note that you cannot both object to the Settlement and exclude yourself.  You must choose one option only.

You may also, if you wish, appear at the Final Approval Hearing set for _____2015, at 1:30 p.m. in Courtroom 8 of the United States District Court, Northern District of California - San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113, and discuss your objection with the Court and the Parties at your own expense.  You may have a lawyer represent you.


If you choose **Option 1**, and if the Court grants final approval of the Settlement, you will be mailed a check for your share of the settlement fund.  In addition, you will be deemed to have released or waived the following claims ("Released Claims"):

Any and all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from, or related to the facts occurring during the Settlement Class Period as alleged in the Second Amended Complaint, including: (a) any alleged failure by Defendants to pay any and all wages due to the payment of wages using  the Money Network payroll distribution service; (b) any alleged failure by Defendants to provide compliant wage statements; (c) any alleged right or claim for civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* arising from the conduct alleged in the Action; (d) any alleged right or claim for unfair business practices in violation of California Business & Professions Code § 17200, *et seq.* arising from the conduct alleged in the Action; (e) any and all wage claims associated with fee and other charge deductions and payments made through the use of the Money Network payroll distribution service; and (f) any other state or federal statute, rule and/or regulation, or similar causes of action relating to the payment of wages or reimbursement of wages, and/or any related PAGA penalties and interest, based on the claims that have been or could have been asserted in the Second Amended Complaint.

**Questions?  Contact the Class Administrator toll free at 1-877-872-3810**

5

The release of California Labor Code § 203 penalties is limited to claims arising out of the use of the Money Network payroll distribution system.

If you choose **Option 2**, you will no longer be a Class Member, you will: (1) be barred from participating in the Settlement, but you will not be deemed to have released the Released Claims; (2) be barred from filing an objection to the Settlement; and (3) not receive a payment from the Settlement.

If you choose **Option 3**, you will still be entitled to the money from the Settlement under the same terms as Option 1.  If the Court overrules your objection, you will be deemed to have released the Released Claims.

**If you choose to do nothing, and if the Court grants final approval of the Settlement, you will be deemed to have released the Released Claims even if you did not receive the maximum amount to which you may have been entitled.**  If you do not want to be deemed to have released the Released Claims, you must exclude yourself from the Settlement by following Option 2.

### Additional Information

This Notice of Class Action Settlement is only a summary of the case and the Settlement.  For a more detailed statement of the matters involved in the case and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the case, which may be inspected at the Office of the Clerk of the United States District Court, Northern District of California – San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113, during regular business hours of each Court day.

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Class Administrator or Class Counsel.

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, DEFENDANTS OR DEFENDANTS' ATTORNEYS WITH INQUIRIES.

**Questions?  Contact the Class Administrator toll free at 1-877-872-3810**

6

\LA - 039936/000006 - 1123350 v3

# Exhibit 2

CHAVEZ v. PVH CORP.
C/O RUST CONSULTING, INC. - 4215
P.O. BOX 2396
FARIBAULT, MN 55021-9096

| FOR OFFICIAL USE ONLY |
|---|
| 01 |

**IMPORTANT LEGAL MATERIALS**

# *Barcode39* - <<SequenceNo>>

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

| ☐ | If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below: |
|---|---|

Name:
_____
___
Address:
_____
_

---

## CLAIM FORM

### *Chavez v. PVH Corporation*

United States District Court, Northern District of California, Case No. 13-CV-01797

*Complete This Form By _____, 2015 To Receive Your Maximum Settlement Payment*

---

| I.    GENERAL INFORMATION |
|---|

Pursuant to the Order of the United States District Court, Northern District of California, dated _____, the amended class action settlement of the *Chavez v. PVH Corp.*, Case No. 13-CV-01797, (the "Action") litigation has received preliminary approval.

The records of Defendants PVH Corp., PVH Retail Stores, LLC and Tommy Hilfiger Retail, LLC indicate that you were employed by one of the Defendants at some time from March 20, 2009 to July 17, 2014. Therefore, you are a Class Member and eligible to participate in the Settlement.

You will automatically receive money from the Settlement unless you opt out by _____2015.

Additionally, you may be eligible to receive more funds if you have used the Money Network payroll distribution service in connection with your employment with Defendants, but to be eligible, you must sign this Claim Form and return it by fax at 1-866-708-0918, email at claims@chavezvpvhsettlement.com, or first-class mail, to the following address:

**Chavez v. PVH Corporation**
**c/o Rust Consulting, Inc. - 4215**
**P.O. Box 2396**
**Faribault, MN 55021-9096**

This Claim Form contains personal information and therefore, it is recommended that your document be password protected or encrypted prior to sending via email.

**The deadline to postmark, fax, or email your Claim Form is _____ 2015. If you fail to submit your Claim Form by the deadline, you will not be eligible for any money in connection with use of the Money Network payroll distribution service. Unless you opt out, you will be bound by the other provisions of the Settlement Agreement approved by the Court.**

| II.    YOUR CLAIM INFORMATION |
|---|

Page 1 of 3

Each Participating Money Network Subclass Member will receive an Individual Money Network Subclass Payment equal to the total amount of all of the fees or charges incurred in connection with use of the Money Network payroll distribution service. The Class Administrator will ascertain the amount of fees or charges each Participating Money Network Subclass Member incurred from information made available by First Data Corporation/Money Network Financial LLC. By signing this Claim Form, you authorize First Data/Money Network to release to the Class Administrator the total amount of all the fees or charges you incurred in connection with the use of the Money Network payroll distribution service. If you think there are additional fees or charges that First Data/Money Network might not know about, please let the Class Administrator know.

Each Class Member's Individual Settlement Payment amount is separate from the Money Network Subclass payment and based on the number of Calendar Weeks he or she worked as an employee for PVH Corp., PVH Retail Stores, LLC or Tommy Hilfiger Retail, LLC in California at any time from March 20, 2009 to July 17, 2014. Each Calendar Week worked by a Class Member during the time period March 20, 2012 through July 17, 2014, shall constitute four (4) Workweeks. Each Calendar Week worked by a Class Member between March 20, 2011 through March 19, 2012, shall constitute three (3) Workweeks. Each Calendar Week worked by a Class Member between March 20, 2010 through March 19, 2011 shall constitute two (2) Workweeks. Each Calendar Week worked by a Class Member between March 20, 2009 through March 19, 2010, shall constitute one (1) Workweek. According to payroll records maintained by Defendants, you were employed for a total of <<workweeks1>> Calendar Weeks during the time period March 20, 2012 through July 17, 2014, <<workweeks2>> Calendar Weeks during the time period March 20, 2011 through March 19, 2012, <<workweeks3>> Calendar Weeks during the time period March 20, 2010 through March 19, 2011, and <<workweeks4>> Calendar Weeks during the time period March 20, 2009 through March 19, 2010. According to the calculation above, you were employed for a total of <<total workweeks>> Workweeks. You will receive a payment based on these Workweeks automatically unless you opt out.

## III. IF YOU DISPUTE THE INFORMATION ABOVE

If you believe the number of Calendar Weeks and/or Workweeks as listed in Section II is incorrect, you may write to the Class Administrator to explain why you believe the number is incorrect. You may also send any documents or other information that supports your belief that the information set forth above is incorrect. The Class Administrator will resolve any dispute based upon Defendants' records and any information you provide. Please be advised that the number of Calendar Weeks and Workweeks shown on this Claim Form are presumed to be correct unless you provide proof to the contrary.

## IV. RELEASE OF CLAIMS

Upon receipt of my share of the Class Settlement Amount, I hereby fully release and discharge PVH Corp., PVH Retail Stores, LLC and Tommy Hilfiger Retail, LLC, their past, present or future officers, directors, shareholders, employees, agents, principals, heirs, representatives, fiduciaries, assigns, attorneys, accountants, auditors, consultants, both individually and in their official capacities, insurers and reinsurers, employee benefit plans, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys from any and all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from, or related to the facts occurring during the Settlement Class Period as alleged in the Second Amended Complaint, including: (a) any alleged failure by Defendants to pay any and all wages due to the payment of wages using the Money Network payroll distribution service; (b) any alleged failure by Defendants to provide compliant wage statements; (c) any alleged right or claim for civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* arising from the conduct alleged in the Action; (d) any alleged right or claim for unfair business practices in violation

Page **2** of **3**

of California Business & Professions Code § 17200, *et seq.* arising from the conduct alleged in the Action; (e) any and all wage claims associated with fee and other charge deductions and payments made through the use of the Money Network payroll distribution service; and (f) any other state or federal statute, rule and/or regulation, or similar causes of action relating to the payment of wages or reimbursement of wages, and/or any related PAGA penalties and interest, based on the claims that have been or could have been asserted in the Second Amended Complaint.

My release of Cal. Lab. Code § 203 penalties, however, is limited to claims arising from my use of the Money Network payroll distribution service and shall not affect my penalty rights in other litigation with a different factual predicate.

Enter the last four digits of your Social Security Number: **X   X   X   -   X   X   -**   \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_

Signature: _____Dated: \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_

PrintName:
_____

\LA - 039936/000006 - 1123350 v3

Exhibit 3

*Chavez v. PVH Corporation* United States District Court, Northern District of California Case No. 13-CV-01797

NOTICE OF AMENDED CLASS ACTION SETTLEMENT

*This notice affects your rights.  Please read it carefully.*

To: All current and former employees who worked for PVH Corp., PVH Retail Stores, LLC or Tommy Hilfiger Retail, LLC ("Defendants") anywhere within the State of California at any time from March 20, 2009 through July 17, 2014, inclusive.

## THIS NOTICE REPLACES THE PREVIOUS NOTICE YOU RECEIVED IN 2014 IN CONNECTION WITH THIS LITIGATION, AND YOU SHOULD REVIEW THIS NOTICE CAREFULLY.

On _____2015, the Honorable Lucy H. Koh of the United States District Court, Northern District of California – San Jose Courthouse, granted preliminary approval of this **amended** class action settlement and ordered the litigants to notify all Class Members of the Settlement.  **You have received this notice because Defendants' records indicate that you may be a Class Member, and therefore may be entitled to a payment from the Settlement.**

Unless you opt out by _____ 2015, you will receive payment based on the number of weeks worked and when those weeks were worked.  You may also be eligible to receive additional funds if you have used the Money Network payroll distribution service in connection with your employment by Defendants, but to be eligible to receive such funds, you must mail, fax or email a Claim Form (enclosed) to the Class Administrator by not later than _____2015.  If you fail to postmark, fax or email a Claim Form by _____2015, you will not receive a payment for fees associated with use of the Money Network payroll distribution service, but you will be bound by the settlement terms.  The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at 1:30 p.m. on _____ in Courtroom 8 - 4th Floor of the United States District Court, Northern District of California – San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113.  You are not required to attend the Hearing.

### Summary of the Litigation

On March 20, 2013, Plaintiff Jesse Chavez ("Chavez") filed a class action lawsuit against Defendant PVH Corporation alleging causes of action for violations of California labor laws.  The lawsuit was removed to federal court on April 19, 2013.  On July 3, 2013, Chavez further amended his complaint to include a new cause of action for penalties under the Private Attorneys General Act of 2004, Labor Code section 2698, *et seq.* ("PAGA"), and include individual, non-class and non-representative causes of action[1].

On December 10, 2013, Chavez amended his complaint a second time to include Anabel Armenta, (Chavez and Armenta, collectively, "Plaintiffs") as Plaintiff, and PVH Corp., PVH Retail Stores, LLC and Tommy Hilfiger Retail, LLC as Defendants (collectively, "Defendants"), and to expand his existing California labor law causes of action, allege claims for violation of additional California labor laws, and allege each of the California Labor Code causes of action in violation of Business & Professions Code sections 17200, *et seq.*

The Second Amended Complaint sets forth putative class and representative causes of action against Defendants for: (1) failure to pay timely wages upon termination pursuant to sections 201 and 202 and penalties under section 203; (2) failure to timely pay all wages due during employment pursuant to section 204; (3) failure to provide accurate, itemized wage statements pursuant to section 226(a); (4) penalties under PAGA; and (5) unlawful and/or unfair business practices pursuant to Business and Professions Code section 17200, *et seq.*

Two other lawsuits, which include some similar or overlapping claims, are pending against PVH Corp. in federal courts. *Lapan v. PVH Corp.*, Northern District of California Case No. 5:13-CV-05006, primarily focuses on the use of the Money Network payroll distribution service.  *Scott-George v. PVH Corp.*, Eastern District of California Case No. 2:13-CV-0441, includes wage statement and Money Network payroll distribution service claims along with several other unrelated labor law claims.  In January 2015, *Rosario J. Lopez v. PVH Corp.*, Los Angeles Superior Court, Case No. BC570019, was filed in Los Angeles Superior Court; it includes a Section 226(a) claim along with other labor law claims.

In the Chavez case, the Defendants and Plaintiffs (collectively the "Parties") exchanged relevant information and evidence before agreeing to participate in private mediation to attempt to resolve the claims in the case.  On December 12, 2013,

---

[1] The Individual Claims are not included in this Settlement Agreement.

**Questions?  Contact the Class Administrator toll free at 1-877-872-3810**

1

\LA - 039936/000006 - 1123350 v3

the Parties participated in mediation with Michael Loeb, a respected mediator of labor and employment wage and hour class actions. With Mr. Loeb's guidance, the Parties were able to negotiate a settlement of Plaintiffs' claims.

The Parties' previous agreement was preliminarily approved by the Court in July 2014, but in February 2015, the Court denied final approval in this matter because of concerns about the scope of the release and the adequacy of notice to the Class. To address those concerns, the Parties revised their agreement by limiting the release, removing the claims process for most of the settlement fund, and providing this additional notice. **Because the terms have changed, you are receiving this amended notice. However, <u>if you previously filed a claim form, you are not required to file another form to be eligible for your maximum payment</u> under the settlement. If you no longer want to participate in the settlement though, you must file a Request for Exclusion.**

Counsel for Plaintiffs, and the attorneys appointed by the Court to represent the Class, Diversity Law Group, P.C. and Polaris Law Group, LLP ("Class Counsel"), have investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law. While Class Counsel believe that the claims alleged in this lawsuit have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement. Based on the foregoing, Class Counsel believe the proposed settlement is fair, adequate, reasonable, and in the best interests of the Class Members.

Defendants have conducted a thorough investigation regarding the allegations raised by Plaintiffs in this lawsuit. Based on its investigation, which focused on concrete data, available facts, and all applicable law, Defendants determined that they were not and should not be held liable regarding Plaintiffs' claims. Despite Defendants' good faith belief that they were not liable for any of the claims asserted by Plaintiffs, Defendants settled this lawsuit to obtain their conclusive and complete dismissal and to avoid: (i) the distraction and diversion of personnel and resources; and (ii) the expense, inconvenience, burden, and risks associated with litigation. By agreeing to settle, Defendants are not admitting liability on any of the factual allegations or claims in the case or that the case can or should proceed as a class action. Defendants have agreed to settle the case as part of a compromise with Plaintiffs.

## Summary of Settlement Terms

Plaintiffs and Defendants have agreed to settle the underlying Class claims in exchange for the Class Settlement Amount of $1,850,000.00. This amount is inclusive of: (1) Individual Settlement Payments to Class Members and all Individual Money Network Subclass Payments to Participating Money Network Subclass Members; (2) Class Representative Enhancement Payments of up to $5,000.00 to Plaintiff Jesse Chavez and $2,500.00 to Plaintiff Anabel Armenta for their services on behalf of the Class; (3) not more than $462,500 in attorneys' fees and not more than $25,000 in costs; (4) payment of $18,750 to the California Labor and Workforce Development Agency ("LWDA") in connection and accordance with PAGA; and (5) reasonable Claims Administrator's fees and expenses up to $61,000. Additional claims administration costs will be split equally between Defendants and Plaintiffs' Class Counsel. After deducting the Class Representative Enhancement Payments, attorneys' fees and costs, the payment to the LWDA, and the Claims Administrator's fees up to $61,000 and expenses, a total of approximately $1,275,250.00 ("Net Settlement Amount") will be available for Class Members and Participating Money Network Subclass Members. Defendants will pay each Participating Money Network Subclass Member an Individual Money Network Subclass Payment, which will equal 100% of all fees or charges he or she incurred directly in connection with his or her use of the Money Network payroll distribution service. The total possible amount of payments to be made to the Money Network Subclass Members will be approximately $103,676. The remainder of the Net Settlement Amount shall be used to satisfy all Individual Settlement Payments to Class Members.

The Class Administrator will make settlement payments to each Class Member. Participating Money Network Subclass Members will also receive Individual Money Network Subclass Payments equal to the total amount of all fees or charges incurred directly in connection with use of the Money Network payroll distribution service. The proportion of the Individual Settlement Payment each Class Member receives will be based on the number of Calendar Weeks each Class Member worked during the relevant Class Period. Specific calculations of Individual Settlement Payments shall be made as follows:

(a) The Class Administrator shall calculate the total aggregate number of Workweeks that all Class Members worked during the Class Period. Each Calendar Week worked by a Class Member during the time period March 20, 2012 through July 17, 2014 shall constitute four (4) Workweeks. Each Calendar Week worked by a Class Member between March 20, 2011 through March 19, 2012, shall constitute three (3) Workweeks. Each Calendar Week worked by a Class Member between March 20, 2010 through March 19, 2011, shall constitute two (2) Workweeks. Each Calendar Week worked by a Class

**Questions? Contact the Class Administrator toll free at 1-877-872-3810**

2

\LA - 039936/000006 - 1123350 v3

Member between March 20, 2009 through March 19, 2010, shall constitute one (1) Workweek. The total of all Workweeks that all Class Members worked during the Class Period calculated in this manner will be the "Total Workweeks".

(b) The value of each individual Workweek shall then be determined by dividing the proceeds of the Net Settlement Amount (less the Money Network Subclass Amount) by the Total Workweeks amount, resulting in the "Workweek Point Value".

(c) An "Individual Settlement Payment" amount for each Participating Class Member shall then be determined by multiplying the individual Participating Class Member's number of Workweeks by the Workweek Point Value.

IRS Forms W-2 and 1099 will be distributed to Participating Class Members and the appropriate taxing authorities reflecting the payments they receive under the Settlement. Class Members should consult their tax advisors concerning the tax consequences of the payments they receive under the Settlement. For purposes of this settlement, one hundred percent (100%) of each Individual Money Network Subclass Payment will be treated as a reimbursement. Twenty-five percent (25%) of each Individual Settlement Payment will be treated as damages and seventy-five percent (75%) of each Individual Settlement Payment will be treated as interest and penalties.

## <u>YOUR OPTIONS UNDER THE SETTLEMENT</u>

### *<u>If You Did NOT File A Claim Form In 2014 In This Litigation Or You Opted Out:</u>*

### *Option 1 – Submit the enclosed Claim Form to be Eligible for Money Network Payroll Distribution Service Reimbursement*

You are not required to do anything to receive money based on the weeks worked from March 20, 2012 through July 17, 2014.

However, if you also want to be eligible to receive money for use of the Money Network payroll distribution service, you **must** complete and sign the enclosed Claim Form. You must complete the Claim Form and promptly mail, fax or email it to the Class Administrator postmarked, faxed or emailed no later than _____2015.

This Claim Form contains personal information and for this reason, it is recommended that your document be password protected or encrypted prior to sending via email.

### *Option 2 – Submit Nothing*

If you do not submit a Claim Form and/or a Request for Exclusion, you will receive a payment based on the weeks worked from March 20, 2012 through July 17, 2014. You will **NOT** receive a payment for your use of the Money Network payroll distribution service.

### *Option 3 – Opt Out of the Settlement*

If you do not wish to participate in the Settlement, you must exclude yourself from participating by submitting a written request to the Class Administrator expressly and clearly indicating that you have received this Notice of Class Action Settlement, decided not to participate in the Settlement, and desire to be excluded from the Settlement. The written request for exclusion must set forth your name, address, telephone number, and last four digits of your Social Security Number. Sign, date, and mail, fax or email the request for exclusion, to the address below.

Chavez v. PVH Corporation
c/o Rust Consulting, Inc. - 4215
P.O. Box 2396
Faribault, MN 55021-9096
Fax Number: 1-866-708-0918
Email Address: claims@chavezpvhsettlement.com

Your request for exclusion contains personal information and for this reason, it is recommended that your document be password protected or encrypted prior to sending via email.

The written request to be excluded must be postmarked, faxed or emailed no later than _____2015. If you submit a request for exclusion that is not postmarked, faxed or emailed by _____2015, your request for exclusion will be rejected and you will be included in the Settlement Class.

### *Option 4 – If You Want to Inform the Court That You Object to the Settlement*

\LA - 039936/000006 - 1123350 v3

If you wish to object to the Settlement because you find it unfair, unreasonable, or inadequate, you may file with the Court an objection stating why you object to the Settlement.  Your objection must state your full name, address, telephone number, dates of employment with Defendant, and the basis for your objection.  The objection must be filed with the Court and mailed to the Chavez v. PVH Corporation, c/o Rust Consulting, Inc. – 4215, P.O. Box 2396, Faribault, MN 55021-9096, and the attorneys listed below:

| DIVERSITY LAW GROUP, P.C. | HOGAN LOVELLS US LLP |
|---|---|
| Larry W. Lee | Dean Hansell |
| 550 S. Hope Street, Suite 2655 | 1999 Avenue of the Stars, Suite 1400 |
| Los Angeles, CA  90071 | Los Angeles, CA 90067 |

All objections must be filed with the Court not later than _____2015.  Late objections will not be considered.  By filing an objection, you are not excluding yourself from the Settlement.  To exclude yourself from the Settlement, you must follow the directions described above.  Please note that you cannot both object to the Settlement and exclude yourself.  You must choose one option only.

You may also, if you wish, appear at the Final Approval Hearing set for _____2015, at 1:30 p.m. in Courtroom 8 of the United States District Court, Northern District of California - San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113, and discuss your objection with the Court and the Parties at your own expense.  You may have a lawyer represent you.

If you choose **Option 1 or Option 2**, and if the Court grants final approval of the Settlement, you will be mailed a check for your share of the settlement fund.  In addition, you will be deemed to have released or waived the following claims ("Released Claims"):

Any and all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from, or related to the facts occurring during the Settlement Class Period as alleged in the Second Amended Complaint, including: (a) any alleged failure by Defendants to pay any and all wages due to the payment of wages using  the Money Network payroll distribution service; (b) any alleged failure by Defendants to provide compliant wage statements; (c) any alleged right or claim for civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* arising from the conduct alleged in the Action; (d) any alleged right or claim for unfair business practices in violation of California Business & Professions Code § 17200, *et seq.* arising from the conduct alleged in the Action; (e) any and all wage claims associated with fee and other charge deductions and payments made through the use of the Money Network payroll distribution service; and (f) any other state or federal statute, rule and/or regulation, or similar causes of action relating to the payment of wages or reimbursement of wages, and/or any related PAGA penalties and interest, based on the claims that have been or could have been asserted in the Second Amended Complaint.

The release of California Labor Code § 203 penalties is limited to claims arising out of the use of the Money Network payroll distribution system.

If you choose **Option 3**, you will no longer be a Class Member, you will: (1) be barred from participating in the Settlement, but you will not be deemed to have released the Released Claims; (2) be barred from filing an objection to the Settlement; and (3) not receive a payment from the Settlement.

If you choose **Option 4**, you will still be entitled to the money from the Settlement under the same terms as Option 1.  If the Court overrules your objection, you will be deemed to have released the Released Claims.

**If you choose to do nothing, and if the Court grants final approval of the Settlement, you will be deemed to have released the Released Claims even if you did not receive the maximum amount to which you may have been entitled.**  If you do not want to be deemed to have released the Released Claims, you must exclude yourself from the Settlement by following Option 3.

### *If You DID File A Claim Form In 2014 In This Litigation:*

### *Option 1 –Do Nothing*

Because you previously indicated that you want to participate in settlement of this litigation, you will receive the maximum payment for which you are eligible if you do nothing.

### *Option 2 – Opt Out of the Settlement*

If you do not wish to participate in the Amended Settlement, you must exclude yourself by submitting a written request to the Class Administrator expressly and clearly indicating that you have received this Notice of Class Action Settlement, decided not to participate in the Settlement, and desire to be excluded from the Settlement.  The written request for exclusion must set forth your name, address, telephone number, and last four digits of your Social Security Number. Sign, date, and mail, fax or email the request for exclusion, to the address below.

Chavez v. PVH Corporation

c/o Rust Consulting, Inc. - 4215

P.O. Box 2396

Faribault, MN 55021-9096

Fax Number: 1-866-708-0918

Email Address: claims@chavezvpvhsettlement.com

Your request for exclusion contains personal information and for this reason, it is recommended that your document be password protected or encrypted prior to sending via email.

The written request to be excluded must be postmarked, faxed or emailed no later than _____2015.  If you submit a request for exclusion that is not postmarked, faxed or email by _____2015, your request for exclusion will be rejected and you will be included in the Settlement Class.

### *Option 3 – If You Want to Inform the Court That You Object to the Settlement*

If you wish to object to the Settlement because you find it unfair, unreasonable, or inadequate, you may file with the Court an objection stating why you object to the Settlement.  Your objection must state your full name, address, telephone number, dates of employment with Defendant, and the basis for your objection.  The objection must be filed with the Court and mailed to the Chavez v. PVH Corporation, c/o Rust Consulting, Inc. – 4215, P.O. Box 2396, Faribault, MN 55021-9096, and the attorneys listed below:

| | |
|---|---|
| DIVERSITY LAW GROUP, P.C.<br>Larry W. Lee<br>550 S. Hope Street, Suite 2655<br>Los Angeles, CA  90071 | HOGAN LOVELLS US LLP<br>Dean Hansell<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067 |

All objections must be filed with the Court not later than _____2015.  Late objections will not be considered. By filing an objection, you are not excluding yourself from the Settlement.  To exclude yourself from the Settlement, you must follow the directions described above.  Please note that you cannot both object to the Settlement and exclude yourself.  You must choose one option only.

You may also, if you wish, appear at the Final Approval Hearing set for _____2015, at 1:30 p.m. in Courtroom 8 of the United States District Court, Northern District of California - San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113, and discuss your objection with the Court and the Parties at your own expense.  You may have a lawyer represent you.


If you choose **Option 1**, and if the Court grants final approval of the Settlement, you will be mailed a check for your share of the settlement fund.  In addition, you will be deemed to have released or waived the following claims ("Released Claims):

Any and all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from, or related to the facts occurring during the Settlement Class Period as alleged in the Second Amended Complaint, including: (a) any alleged failure by Defendants to pay any and all wages due to the payment of wages using  the Money Network payroll distribution service; (b) any alleged failure by Defendants to provide compliant wage statements; (c) any alleged right or claim for civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* arising from the conduct alleged in the Action; (d) any alleged right or claim for unfair business practices in violation of California Business & Professions Code § 17200, *et seq.* arising from the conduct alleged in the Action; (e) any and all wage claims associated with fee and other charge deductions and payments made through the use of the Money Network payroll distribution service; and (f) any other state or federal statute, rule and/or regulation, or similar causes of action relating to the payment of wages or reimbursement of wages, and/or any related PAGA penalties and interest, based on the claims that have been or could have been asserted in the Second Amended Complaint.

**Questions?  Contact the Class Administrator toll free at 1-877-872-3810**

5

The release of California Labor Code § 203 penalties is limited to claims arising out of the use of the Money Network payroll distribution system.

If you choose **Option 2**, you will no longer be a Class Member, you will: (1) be barred from participating in the Settlement, but you will not be deemed to have released the Released Claims; (2) be barred from filing an objection to the Settlement; and (3) not receive a payment from the Settlement.

If you choose **Option 3**, you will still be entitled to the money from the Settlement under the same terms as Option 1. If the Court overrules your objection, you will be deemed to have released the Released Claims.

**If you choose to do nothing, and if the Court grants final approval of the Settlement, you will be deemed to have released the Released Claims even if you did not receive the maximum amount to which you may have been entitled.** If you do not want to be deemed to have released the Released Claims, you must exclude yourself from the Settlement by following Option 2.

## Additional Information

This Notice of Class Action Settlement is only a summary of the case and the Settlement. For a more detailed statement of the matters involved in the case and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the case, which may be inspected at the Office of the Clerk of the United States District Court, Northern District of California – San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113, during regular business hours of each Court day.

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Class Administrator or Class Counsel.

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, DEFENDANTS OR DEFENDANTS' ATTORNEYS WITH INQUIRIES.

**Questions?  Contact the Class Administrator toll free at 1-877-872-3810**

6

\LA - 039936/000006 - 1123350 v3

CHAVEZ v. PVH CORP.
C/O RUST CONSULTING, INC. - 4215
P.O. BOX 2396
FARIBAULT, MN 55021-9096

**IMPORTANT LEGAL MATERIALS**

# *Barcode39* - <<SequenceNo>>

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

| FOR OFFICIAL USE ONLY |
|---|
| 01 |

| ☐ | If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below: |
|---|---|

Name:

_____

___

Address:

_____

_____

_

---

## CLAIM FORM
### *Chavez v. PVH Corporation*

United States District Court, Northern District of California, Case No. 13-CV-01797

*Complete This Form By _____, 2015 To Receive Your Maximum Settlement Payment*

---

### I.    GENERAL INFORMATION

Pursuant to the Order of the United States District Court, Northern District of California, dated _____, the **amended** class action settlement of the *Chavez v. PVH Corp.*, Case No. 13-CV-01797, (the "Action") litigation has received preliminary approval.

The records of Defendants PVH Corp., PVH Retail Stores, LLC and Tommy Hilfiger Retail, LLC indicate that you were employed by one of the Defendants at some time from March 20, 2009 to July 17, 2014. Therefore, you are a Class Member and eligible to participate in the Settlement.

You will automatically receive money from the Settlement unless you opt out by _____2015.

Additionally, you may be eligible to receive more funds if you have used the Money Network payroll distribution service in connection with your employment with Defendants, but to be eligible, you must sign this Claim Form and return it by fax at 1-866-708-0918, email at claims@chavezvpvhsettlement.com, or first-class mail, to the following address:

**Chavez v. PVH Corporation**
**c/o Rust Consulting, Inc. - 4215**
**P.O. Box 2396**
**Faribault, MN 55021-9096**

This Claim Form contains personal information and therefore, it is recommended that your document be password protected or encrypted prior to sending via email.

**The deadline to postmark, fax, or email your Claim Form is _____ 2015. If you fail to submit your Claim Form by the deadline, you will not be eligible for any money in connection with use of the Money Network payroll distribution service. Unless you opt out, you will be bound by the other provisions of the Settlement Agreement approved by the Court.**

### II.    YOUR CLAIM INFORMATION

\LA - 039936/000006 - 1123350 v3

Each Participating Money Network Subclass Member will receive an Individual Money Network Subclass Payment equal to the total amount of all of the fees or charges incurred in connection with use of the Money Network payroll distribution service. The Class Administrator will ascertain the amount of fees or charges each Participating Money Network Subclass Member incurred from information made available by First Data Corporation/Money Network Financial LLC. By signing this Claim Form, you authorize First Data/Money Network to release to the Class Administrator the total amount of all the fees or charges you incurred in connection with the use of the Money Network payroll distribution service. If you think there are additional fees or charges that First Data/Money Network might not know about, please let the Class Administrator know.

Each Class Member's Individual Settlement Payment amount is separate from the Money Network Subclass payment and based on the number of Calendar Weeks he or she worked as an employee for PVH Corp., PVH Retail Stores, LLC or Tommy Hilfiger Retail, LLC in California at any time from March 20, 2009 to July 17, 2014. Each Calendar Week worked by a Class Member during the time period March 20, 2012 through July 17, 2014, shall constitute four (4) Workweeks. Each Calendar Week worked by a Class Member between March 20, 2011 through March 19, 2012, shall constitute three (3) Workweeks. Each Calendar Week worked by a Class Member between March 20, 2010 through March 19, 2011 shall constitute two (2) Workweeks. Each Calendar Week worked by a Class Member between March 20, 2009 through March 19, 2010, shall constitute one (1) Workweek. According to payroll records maintained by Defendants, you were employed for a total of <<workweeks1>> Calendar Weeks during the time period March 20, 2012 through July 17, 2014, <<workweeks2>> Calendar Weeks during the time period March 20, 2011 through March 19, 2012, <<workweeks3>> Calendar Weeks during the time period March 20, 2010 through March 19, 2011, and <<workweeks4>> Calendar Weeks during the time period March 20, 2009 through March 19, 2010. According to the calculation above, you were employed for a total of <<total workweeks>> Workweeks. You will receive a payment based on these Workweeks automatically unless you opt out.

## III.  IF YOU DISPUTE THE INFORMATION ABOVE

If you believe the number of Calendar Weeks and/or Workweeks as listed in Section II is incorrect, you may write to the Class Administrator to explain why you believe the number is incorrect. You may also send any documents or other information that supports your belief that the information set forth above is incorrect. The Class Administrator will resolve any dispute based upon Defendants' records and any information you provide. Please be advised that the number of Calendar Weeks and Workweeks shown on this Claim Form are presumed to be correct unless you provide proof to the contrary.

## IV.  RELEASE OF CLAIMS

Upon receipt of my share of the Class Settlement Amount, I hereby fully release and discharge PVH Corp., PVH Retail Stores, LLC and Tommy Hilfiger Retail, LLC, their past, present or future officers, directors, shareholders, employees, agents, principals, heirs, representatives, fiduciaries, assigns, attorneys, accountants, auditors, consultants, both individually and in their official capacities, insurers and reinsurers, employee benefit plans, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys from any and all claims, rights, demands, liabilities and causes of action, whether in law or equity, arising from, or related to the facts occurring during the Settlement Class Period as alleged in the Second Amended Complaint, including: (a) any alleged failure by Defendants to pay any and all wages due to the payment of wages using the Money Network payroll distribution service; (b) any alleged failure by Defendants to provide compliant wage statements; (c) any alleged right or claim for civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* arising from the conduct alleged in the Action; (d) any alleged right or claim for unfair business practices in violation

Page **2** of 3

of California Business & Professions Code § 17200, *et seq.* arising from the conduct alleged in the Action; (e) any and all wage claims associated with fee and other charge deductions and payments made through the use of the Money Network payroll distribution service; and (f) any other state or federal statute, rule and/or regulation, or similar causes of action relating to the payment of wages or reimbursement of wages, and/or any related PAGA penalties and interest, based on the claims that have been or could have been asserted in the Second Amended Complaint.

My release of Cal. Lab. Code § 203 penalties, however, is limited to claims arising from my use of the Money Network payroll distribution service and shall not affect my penalty rights in other litigation with a different factual predicate.

Enter the last four digits of your Social Security Number: **X  X  X  -  X  X  -**  ____
____  ____  ____

Signature:  _____Dated: ____  ____  / ____  ____  / ____  ____  ____  ____

PrintName:
_____

Page **3** of **3**