Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
**DIVERSITY LAW GROUP, A Professional Corporation**
550 S. Hope Street, Suite 2655
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder (State Bar No. 170131)
bill@polarislawgroup.com
**POLARIS LAW GROUP**
501 San Benito Street, Suite 200
Hollister, California 95023
(831) 531-4214
(831) 634-0333 facsimile

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE CHAVEZ, as an individual and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   vs.<br><br>PVH CORPORATION, a Delaware corporation<br><br>      Defendants. | Case No.: C 13-01797 LHK<br><br>**NOTICE OF SECOND AMENDED MOTION AND SECOND AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Second Amended Joint Stipulation of Class Action Settlement and Release; Proposed Order]<br><br>Date: July 16, 2015<br>Time: 1:30 p.m.<br>Ctrm.: 8 |

1

\\LA - 039936/000006 - 1141022 v1

TO THE COURT AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on July 16, 2015 at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of Lucy H. Koh, United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, in Courtroom 8, Plaintiffs Jessie Chavez and Anabel Armenta (collectively "Plaintiffs") will move for preliminary approval of the proposed Second Amended Class Action Settlement. Specifically, Plaintiff respectfully requests that the Court (1) grant preliminary approval for the proposed Second Amended Class Action Settlement; (2) grant conditional certification of the proposed settlement class; (3) authorize the mailing of the proposed notice to the class; and (4) schedule a "fairness hearing," i.e., a hearing on the final approval of the settlement.

After this Court denied final approval of the prior Amended Joint Stipulation of Class Action Settlement and Release [Doc. No. 136] (the "Order Denying Final Approval"), Plaintiffs and Defendants entered into a revised class settlement agreement, namely the Second Amended Joint Stipulation of Class Action Settlement and Release. The Second Amended Class Settlement Agreement is similar to the Amended Class Settlement Agreement this Court previously granted preliminary approval of on July 17, 2014 [Doc. No. 73], except the Second Amended Class Settlement Agreement addresses each issue raised by this Court's Order Denying Final Approval and makes other changes that further benefit the Settlement Class by simplifying payment.

Plaintiffs make this motion on the grounds that the proposed settlement is within the range of possible final approval, and notice should, therefore, be provided to the class. This Motion is based upon this Notice of Second Amended Motion and Second Amended Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Larry W. Lee, the Second Amended Class Settlement Agreement, any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

\\LA - 039936/000006 - 1141022 v1

1    DATED: March 13, 2015            DIVERSITY LAW GROUP, P.C.

2

3                                      By: /s/_____
                                       Larry W. Lee
4                                      Attorney for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF 2nd AMENDED MOTION AND 2nd AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT C 13-01797-LHK**

\\LA - 039936/000006 - 1141022 v1

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ............................................................................1

II.  HISTORY OF THIS CASE ...............................................................2

III. CHANGES MADE TO THE CLASS SETTLEMENT AGREEMENT ...............3

IV.  PRELIMINARY APPROVAL SHOULD BE GRANTED ...........................5

NOTICE OF 2nd AMENDED MOTION AND 2nd AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
C 13-01797-LHK

\\LA - 039936/000006 - 1141022 v1

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Holak v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 176331 (E.D. Cal. Dec. 11, 2012) ...................... 6

*Jeffrey Lapan and Ashwin Chandra v. PVH Corp.*, United States District Court,

    Northern District of California, Case No. 13-05006 LHK .................................................... 1, 3

*Jodi Scott-George v. PVH Corporation*, United States District Court, Eastern District of

    California, Case No. 2:13-cv-00441-TLN-DAD .................................................................... 1, 3

*Johnson v. Sky Chefs, Inc.*, 2012 U.S. Dist. LEXIS 140760 (N.D. Cal. Sept. 27, 2012) .............. 6

**State Cases**

*Rosario J. Lopez v. PVH Corp.*, Los Angeles Superior Court, Case No. BC570019 ................. 1, 3

**Statutes**

California Labor Code § 203 ........................................................................................ 1, 3, 6

California Labor Code § 226 ........................................................................................ 1, 3, 4

California Labor Code § 226(e) ............................................................................................... 6

**Other Authorities**

Department of Labor Standards Enforcement Letters Opinion Letters 2008.07.07 ...................... 6

 Department of Labor Standards Enforcement Letters Opinion Letters 2008.07.07-2.................. 6

\\LA - 039936/000006 - 1141022 v1

1

## I.    __INTRODUCTION__

2       This Court's Order Denying Final Approval identified two specific issues that caused it

3  to deny final approval of the prior Amended Class Settlement Agreement (the "First Settlement

4  Agreement") – (1) that the release of the Labor Code § 203 penalties was overbroad, violating

5  the factual predicate rule, and (2) the notice to the settlement class failed to advise the settlement

6  class members of the scope of the released claims.

7       The Second Amended Class Settlement Agreement remediates both of these issues, as the

8  Labor Code § 203 release will be limited expressly to the factual predicate underlying the

9  operative complaint, and the proposed settlement class notice will advise the class members of

10  the scope of the released claims, including its potential impact on the *Jodi Scott-George v. PVH*

11  *Corporation*, United States District Court, Eastern District of California, Case No. 2:13-cv-

12  00441-TLN-DAD ("*Scott-George*") lawsuit, the *Jeffrey Lapan and Ashwin Chandra v. PVH*

13  *Corp.*, United States District Court, Northern District of California, Case No. 13-05006 LHK

14  ("*Lapan*") lawsuit, and a newly filed case which has a Section 226 allegation, *Rosario J. Lopez v.*

15  *PVH Corp.*, Los Angeles Superior Court, Case No. BC570019 (*Lopez*).[1]  A red-lined version of

16  the Second Amended Class Settlement Agreement comparing it to the prior Amended Class

17  Settlement Agreement is attached to the accompanying Declaration of Larry W. Lee as Exhibit

18  A.

19       In addition to these changes, Plaintiffs and Defendants have also eliminated the claims

20  process previously associated with the Amended Class Settlement Agreement with respect to the

21  Labor Code § 226 claims.  Thus, every settlement class member will receive a share of the

22  settlement funds without the need to submit a claim form.  While there is still a claim form

23  included with the class notice to be sent to the settlement class members, it is solely for the

24  settlement class members to self-identify as Money Network Subclass Members.  With those

25  claim forms, the Class Administrator will be able to ascertain the amount of fees/costs incurred

26

27  [1]      The Section 226 allegation in *Lopez* is a derivative claim based on a different factual

28  predicate than in the matter before this Court.  However, out of an abundance of caution, the
Parties intend to notify Class Members of the existence of the case.

1  by such individuals through his/her usage of the Money Network Payroll Distribution Service,

2  and for such fees/costs to be fully reimbursed.

3       Finally, the Second Amended Class Settlement Agreement limits the settlement class to

4  the same group of employees that this Court previously granted preliminary approval of – all

5  current and former employees who worked for Defendants in California during any portion of

6  the period from March 20, 2009 through July 17, 2014 (the date this Court previously granted

7  preliminary approval of the prior Amended Class Settlement Agreement).  In other words, the

8  size of the class is not being expanded, but rather, is being limited to the very same group that

9  this Court previously granted preliminary approval for.

10       As further detailed below, not only have the Parties remediated the two issues this Court

11  based its prior denial of final approval upon, but have gone beyond and included other revisions

12  to further benefit the class.  For all these reasons, Plaintiffs respectfully request that the Second

13  Amended Class Settlement Agreement be granted preliminary approval.

14  **II.   HISTORY OF THIS CASE**

15       As reflected by the Court's docket, and as discussed in this Court's Order Denying Final

16  Approval, Plaintiffs and Defendants initially entered into the original Joint Stipulation of Class

17  Action Settlement and Release in or around January 2014 for the gross settlement amount of

18  $1,850,000.00.  [Doc. No. 136 at p. 4]  However, because of concerns regarding a reversion

19  provision, this Court denied preliminary approval.  *Id.* at p. 5.  Immediately thereafter, Plaintiffs

20  and Defendants entered into the Amended Class Settlement Agreement, which eliminated the

21  reversion.  *Id.* at pp. 5-6.  This Court then granted preliminary approval of the Amended

22  Settlement Agreement on July 17, 2014.  *Id.* at p. 6. As a result, settlement class notices were

23  disseminated to the settlement class members.  *Id.* at p. 6.

24       After oral arguments on the prior Motion for Final Approval, this Court issued its Order

25  Denying Final Approval for the two reasons stated above.  Thereafter, Plaintiffs and Defendants

26  engaged in further settlement discussions, which ultimately led to the current Second Amended

27  Class Settlement Agreement.  Declaration of Larry W. Lee ("Lee Decl.") ¶ 2.

28

2

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
C 13-01797-LHK

### III. <u>CHANGES MADE TO THE CLASS SETTLEMENT AGREEMENT</u>

The Parties revised the Second Amended Class Settlement Agreement to remediate the issues identified in this Court's Order Denying Final Approval and made further revisions to benefit Class Members.

First, with respect to the release of Labor Code § 203 claims provided by the Settlement Class, it is now expressly limited to the same factual predicate as alleged in the complaint – the use of the Money Network Payroll Distribution Service. *See* Second Amended Class Settlement Agreement at ¶ 36. Thus, should this Second Amended Class Settlement Agreement be ultimately approved, the Settlement Class will not be releasing any Labor Code § 203 claims that are not predicated on the use of the Money Network Payroll Distribution Service. For example, Settlement Class members may still pursue claims for other alleged violations of the California Labor Code and any associated § 203 penalties even if they belong to the Settlement Class in this case. As such, any confusion regarding the breadth of the Labor Code § 203 release should be resolved.

Second, with respect to the Settlement Notice to the Settlement Class, as described in the Second Amended Class Settlement Agreement at ¶ 63, as well as the proposed Class Notice (Exhibit 1 to the 2nd Amended Class Settlement Agreement), the Class Notice will advise the Settlement Class of the existence of and possible impact on *Jodi Scott-George v. PVH Corporation*, United States District Court, Eastern District of California, Case No. 2:13-cv-00441-TLN-DAD ("*Scott-George*"), *Jeffrey Lapan and Ashwin Chandra v. PVH Corp.*, United States District Court, Northern District of California, Case No. 13-05006 LHK ("*Lapan*"), and *Rosario J. Lopez v. PVH Corp.*, Los Angeles Superior Court, Case No. BC570019 (*Lopez*). The Parties believe that these revisions should allay the Court's concerns, and the Second Amended Class Settlement Agreement is fair, reasonable and adequate.

Additionally, the Parties have made other changes to ease the burden on the Settlement Class. Settlement Class members are no longer required to submit a claim form in order to obtain a respective share of the portion of the settlement allocated to the Labor Code § 226 claim. Moreover, any class member who previously submitted a claim form in connection with

the notice/claims process as to the First Settlement Agreement will be provided with the proposed Class Notice advising them of the status of the case and informing them that they will not need to do anything in order to receive their settlement share (unless they decide to now opt out, which they will be permitted to do).  *See* Second Amended Class Settlement Agreement at ¶ 64.

As for any class member who previously either (1) did not submit a claim form in connection with the notice/claims process as to the First Amended Settlement Agreement, or (2) opted out of the First Amended Settlement Agreement, such individuals will be provided with the proposed Class Notice, along with a claim form solely for purposes of the self-identifying their membership in the Money Network Subclass and authorizing access of their fee information.  The proposed Class Notice will advise such individuals of the status of the case, and inform them that (1) the class member will automatically receive his/her respective share of the portion of the settlement relating to the Labor Code § 226 claim (unless the class member opts-out), and (2) if the class member believes he/she incurred fees/costs in connection with the use of the Money Network Payroll Distribution Service, and would like to be reimbursed for such fees/costs, they can submit the Claim Form.    Thus, the Claim Form will allow the Settlement Class member to self-identify as a Money Network Subclass Member and to authorize the release of his/her information solely for purposes of paying out the portion of the settlement related to the Money Network Payroll Distribution Service.  As such, even if such Settlement Class member does not submit a Claim Form (and assuming there is no opt-out submitted), he/she will still automatically receive his/her share of the settlement amount relating to the Labor Code § 226 claim.  *See* Second Amended Class Settlement Agreement at ¶ 65.

Moreover, the Settlement Class members' settlement shares will be approximately the same based on the First Amended Settlement Agreement.  Specifically, under the First Settlement Agreement, the Settlement Class was based upon the time period of March 20, 2009, to the date the Court granted preliminary approval of the Parties' Amended Motion for Preliminary Approval (which was July 17, 2014).  Thus, had the definition of the Settlement Class Period remained the same under the current revised Second Amended Class Settlement

Agreement, it would extend the Class Period and Settlement Class size by another year, thereby diluting the amount each Settlement Class member would receive.  Rather than permit such dilution, the Parties have agreed to keep the Settlement Class Period and size exactly the same as if the settlement was approved based on the First Amended Settlement Agreement.  In other words, the Settlement Class Period and size under the current Second Amended Class Settlement Agreement will be limited to the time period of March 20, 2009 through July 17, 2014.  *See* Second Amended Class Settlement Agreement at ¶ 16.

Finally, while there will inevitably be additional settlement administration costs to be incurred in administering the current amended settlement beyond the original estimated costs of $61,000, the Parties have agreed that any additional costs beyond the original $61,000 estimate will be separately paid outside of the settlement fund, with half being paid by Defendants, and the other half being paid by Plaintiffs' counsel.  *See* Second Amended Class Settlement Agreement at ¶ 12.  Thus, the funds that will be distributed to the class will not be diluted by the additional funds that must be paid to the Claims Administrator.

## IV.  <u>PRELIMINARY APPROVAL SHOULD BE GRANTED</u>

Without reiterating and repeating what was previously presented to this Court as part of the original Motion and Amended Motion for Preliminary Approval of the Amended Class Settlement Agreement, Plaintiffs incorporate by reference the arguments set forth therein with the supplemental arguments raised in this motion.

This Court has already found that the proposed Settlement Class is sufficiently numerous, ascertainable, and meets all of the other class certification requirements for purposes of settlement.  *See* Order Granting Amended Motion for Preliminary Approval of Class Action Settlement [Doc. No. 73] at ¶ 5.  Thus, for the same reasons, and since the Settlement Class is identical, Plaintiffs respectfully request that this Court make the similar finding for the current Settlement Class.

As to the fairness and adequacy of the current Second Amended Class Settlement Agreement, in light of the changes made, and for the same reasons discussed in the prior Motion and Amended Motion for Preliminary approval, Plaintiffs submit that the current Second

Amended Class Settlement Agreement is fair, reasonable and adequate.  Plaintiffs have conducted substantial discovery in this matter.  Indeed, as Plaintiffs' counsel have noted on a number of occasions, Plaintiffs are well prepared to proceed to class certification without any further discovery if no settlement were to be reached.  Further, for settlement negotiation purposes, PVH provided detailed payroll records for the putative class, which allowed Plaintiffs to perform a significant damage analysis.

With respect to the Labor Code § 203 claim, which is based on the payment of wages via the Money Network Payroll Distribution Service, as previously discussed, there are a number of defenses at play.  For example, Defendants contend that the  Money Network Payroll Distribution Service is  lawful and that any fees associated or charged by the service are proper, particularly in light of the ruling in *Holak v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 176331 (E.D. Cal. Dec. 11, 2012)  and the Department of Labor Standards Enforcement Letters Opinion Letters 2008.07.07 and 2008.07.07-2.  Further, based on such case law and legal opinions, it could be argued that even if a violation occurred, it was not willful, thus negating any Labor Code § 203 penalties.

Similarly, as to the penalties sought by Plaintiffs for the alleged pay stub violations, Defendants maintain that Plaintiffs would not be able to meet the "knowing and intentional" and "injury" requirements as required in order to assess Labor Code § 226(e) penalties, and as such, any violation by Defendants regarding Class Members' pay stubs would not have been subjected to Labor Code § 226(e) penalties.  Such arguments show that there are substantial risks as to Plaintiffs' claims, especially in light of this Court's ruling in *Johnson v. Sky Chefs, Inc.*, 2012 U.S. Dist. LEXIS 140760 (N.D. Cal. Sept. 27, 2012).

As such, Class Counsel are of the opinion that the current Second Amended Class Settlement Agreement is fair, reasonable, and adequate.  Based thereon, Plaintiffs request that this Court grant preliminary approval of the Second Amended Class Settlement Agreement.

DATED:  March 13, 2015              **DIVERSITY LAW GROUP, P.C.**


By:_____ /s/ Larry W. Lee
Larry W. Lee
Attorneys for Plaintiffs
and the Class

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
C 13-01797-LHK