Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
**DIVERSITY LAW GROUP, A Professional Corporation**
550 S. Hope Street, Suite 2655
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder (State Bar No. 170131)
bill@polarislawgroup.com
**POLARIS LAW GROUP**
501 San Benito Street, Suite 200
Hollister, California 95023
(831) 531-4214
(831) 634-0333 facsimile

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE CHAVEZ, as an individual and on behalf of all others similarly situated,<br>　　　　　　　　　　　　Plaintiffs,<br>vs.<br>PVH CORPORATION, a Delaware corporation,<br>　　　　　　　　　　　　Defendants. | Case No. C 13-01797 LHK<br><br>**[PROPOSED] ORDER GRANTING SECOND AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1

[Proposed] Order Granting Second Amended Motion for Preliminary Approval of Class Action Settlement
CV-13-01797 LHK

\LA - 039936/000006 - 1141012 v1

Plaintiffs' Second Amended Motion for Preliminary Approval of Class Action Settlement has been read and considered by the Court. IT IS HEREBY ORDERED:

The Second Amended Motion for Preliminary Approval of Class Action Settlement is granted. Plaintiffs Jessie Chavez and Anabel Armenta ("Plaintiffs" or "Class Representatives"), have made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the settlement of the litigation pursuant to the Second Amended Joint Stipulation of Class Action Settlement and Release (the "Agreement"); (b) conditionally certifying a class and sub-class for purposes of proceedings in connection with the final approval of the Agreement; (c) approving the form of Class Notice of Settlement and directing the manner of delivery thereof; and (d) approving Larry W. Lee of Diversity Law Group and William L. Marder of Polaris Law Group as Class Counsel and Plaintiffs as Class Representatives.

1. All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with this Court.

2. The Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among the Plaintiffs and Defendants PVH Corporation ("PVH Corp."), Tommy Hilfiger Retail, LLC ("Tommy Hilfiger") and PVH Retail Stores LLC ("PVH Retail") (hereinafter collectively referred to as "Defendants" or "Releasees"). In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiffs' claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

3. For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a)

and 23(b)(3), the Court conditionally certifies the following Class and Subclass:

    (a)    All current and former employees who worked for Defendants in California during any portion of the period from March 20, 2009 through July 17, 2014 (the "Settlement Class"); and

    (b)    All current and former employees who worked for Defendants in California during any portion of the period from March 20, 2009 through July 17, 2014 who were paid at any time via the Money Network Payroll Distribution Service and who paid at least one fee or charge in connection with the use of this service (the "Money Network Subclass").

Members of the Settlement Class and Money Network Subclass shall be jointly referred to as "Class Members" or "Settlement Class Members."

4. If the Agreement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Agreement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context. The Court's findings are for the purposes of conditionally certifying a Settlement Class and Money Network Subclass and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Releasees, or in this Action if the Agreement is not finally approved.

5. The Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), that the number of class members is sufficiently numerous, the class members are ascertainable based on the Defendants' records, the Plaintiffs' claims are typical of those in the class, and that there is adequate and fair representation.

6. Accordingly, for purposes of the Agreement only, this litigation is hereby CONDITIONALLY CERTIFIED as a class action pursuant to Fed. R. Civ. P. 23(e).

7. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for settlement purposes only Larry W. Lee of Diversity Law Group and William L. Marder of Polaris Law Group. The Court finds that Class Counsel collectively have extensive experience

3

[Proposed] Order Granting Second Amended Motion for Preliminary Approval of Class Action Settlement
CV-13-01797 LHK

\LA - 039936/000006 - 1141012 v1

1  and expertise in prosecuting wage and hour class actions.

2      8.    Plaintiffs are approved as Class Representatives for the Settlement Class Members for settlement purposes only.

    9.    The Court finds on a preliminary basis that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorney's fees and costs and the Class Representative Service Payment) falls within the "range of reasonableness" and therefore grants preliminary approval of the Agreement. Based on a review of the papers submitted by the Parties, the Court finds that the Agreement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Agreement is non-collusive.

    10.    The Court hereby APPROVES Rust Consulting as the Claims Administrator for the purposes of this settlement.

    11.    A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on December 17, 2015 at 1:30 pm in Courtroom 8, U.S. District Court, San Jose Division, 280 South First Street, San Jose, CA, 95113, for the following purposes:

    a.    to determine finally whether this litigation satisfies the applicable prerequisites for class action treatment of a settlement class;

    b.    to determine whether the proposed Agreement is fair, reasonable and adequate and should be granted final approval by the Court;

    c.    to determine whether the Order of Final Approval as provided under the Agreement should be entered, and to determine whether the Releasees should be released of and from the Released Claims as provided in the Agreement;

    d.    to determine whether the proposed plan of allocation of the Settlement

Amount is fair and reasonable and should be approved by the Court;

e. to finally consider Plaintiffs' application for Class Representative enhancement payments;

f. to finally determine whether Class Counsel's application for an award of attorney's fees and costs is fair, reasonable, and adequate and should be approved by the Court;

g. to determine that the Claim's Administrator's costs should be paid from the Settlement Amount; and

h. to rule upon such other matters as the Court may deem appropriate.

12. The amended forms of Class Notice and Claim Forms filed by the Parties on July 21, 2015, ECF No. 157, are hereby APPROVED. No later than fourteen (14) calendar days after the entry of this Order, Defendants shall provide the Claims Administrator with any necessary revisions or updates to the Class List. No later than ten (10) calendar days after receipt of the Settlement Class' information from Defendants, Claims Administrator will send via first class mail the documents constituting the appropriate Notice Packet to each respective Class Member by first-class mail, postage prepaid.

13. The Court finds that the amended Class Notice, along with the related notification materials, constitutes the best notice practicable under the circumstances and is in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process. The Court further finds that the notifications fully and accurately inform the Settlement Class Members of all material elements of the proposed settlement, of the Settlement Class Members' right to dispute their share of the settlement, of the Settlement Class Members' right to be excluded from the Settlement Class, and of each Settlement Class Member's right and opportunity to object to the settlement.

14. The Court hereby APPROVES the proposed Response Deadline for submission of the Money Network Subclass claim form of sixty (60) calendar days from the initial mailing of the Notice Packet.

15. The Court hereby APPROVES the proposed procedure for opting out of the Settlement Class. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any member of the Class who requests exclusion from the settlement will not be entitled to any share of the settlement and will not be bound by the Agreement or have any right to object, appeal or comment thereon. Members of the Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the settlement.

16. All reasonable costs of settlement and claims administration, including the mailing of Class Notice and Claim Form, shall be paid for as provided in the Agreement.

17. To object, a Class Member must file a valid Notice of Objection with the Court and serve copies of the Notice of Objection on the Parties on or before the Response Deadline. The Notice of Objection must be signed by the Class Member and contain all information required by this Settlement Agreement. The postmark date of the filing and service shall be deemed the exclusive means for determining that the Notice of Objection is timely. Class Members who fail to object in the manner specified above shall be deemed to have waived all objections to the Settlement and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement. Class Members who file and serve timely notices of objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court.

18. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

19. All Parties are otherwise ordered to comply with the terms of the Agreement.

20. The Agreement solely resolves the First through Fourth Causes of Action as set forth in Plaintiffs' Second Amended Complaint. Plaintiff Chavez's individual claims as set forth in the Fifth through Ninth Causes of Action were dismissed with prejudice on November 19, 2014. ECF Nos. 101, 105.

21. The Court has considered the objections filed by class member Dakkar Hunter ("Objector"). ECF No. 153 ("Objections"). As a preliminary matter, the Court finds that the Objections are untimely. On March 13, 2015, the Court scheduled the preliminary approval hearing in this matter for July 16, 2015, at 1:30 p.m. ECF No. 144. Despite the fact that this hearing has been on calendar since March 13, 2015, Objector only filed the Objections at 5:54 p.m. on July 15, 2015.[1] ECF No. 153. This did not afford any time for the parties to respond to the Objections in writing. Moreover, Objector cites no Civil Local Rule, Federal Rule of Civil Procedure, or other authority that permits a putative class member to file objections to a motion for preliminary approval. *See Lane v. Facebook, Inc.*, No. C 08-3845 RS, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009) (party which sought to object to motion for preliminary approval of class action settlement "failed to establish any significantly protectable interest incumbent in an opportunity to object to preliminary approval as opposed to the right to object to final approval."); *see also Allen v. Bedolla*, 787 F.3d 1218, 1221 (9th Cir. 2015) (noting that district court considered objections to preliminary approval of class action settlement after the court granted leave to object at the preliminary approval stage). To the extent that Objector intended to file an opposition to the motion for preliminary approval, Objector's opposition would have been due fourteen days after Plaintiffs filed their motion for preliminary approval. *See* Civil Local Rule 7-3(a) (any opposition to a motion is due fourteen days after the motion was filed). Finally, the Court notes that neither Objector nor Objector's counsel appeared at the hearing for preliminary approval.

22. Although Objector's Objections are procedurally improper, the Court briefly summarizes each objection, as well as the Court's findings with respect to each objection, as

---

[1] The Court notes that the Notice of Electronic Filing for Plaintiffs' motion for preliminary approval states that Objector's counsel received an email notification the day Plaintiffs filed the motion on March 13, 2015. *See* ECF No. 144 (stating that notice was electronically mailed to, among others, Objector's counsel). Moreover, Objector has previously responded to filings in this case in an expeditious fashion. For instance, when Plaintiffs filed an administrative motion to advance the hearing date for the instant motion for preliminary approval, Objector filed an opposition to the administrative motion within four days. *See* ECF No. 147.

[Proposed] Order Granting Second Amended Motion for Preliminary Approval of Class Action Settlement
CV-13-01797 LHK

\LA - 039936/000006 - 1141012 v1

follows:

    a. **Objection No. 1: The class definition in the Settlement is overly broad.** ECF No. 153, at 2. The Court finds that this objection is without merit. In their Complaint, Plaintiffs allege that all of Defendants' current and former employees in California did not receive compliant wage statements. Second Amended Compl. ¶¶ 29-31; *see also* ECF No. 143, ¶ 39; July `16, 2015 Hr'g Tr. at 30:19-21. Accordingly, the class definition in the Settlement, which encompasses all current and former employees of Defendants in California from between March 20, 2009 through July 17, 2014, is proper.

    b. **Objection No. 2: The release language in the Claim Form is unclear and overbroad.** ECF No. 153, at 2. Objector previously raised this same objection at the January 15, 2015 final approval hearing. *See* ECF No. 132 ("Jan. 15, 2015 Hr'g Tr."), at 104:8-19. At that hearing, the Court ordered Objector to file a list of authorities in support of this objection. *Id.* at 104:20-21. Objector filed a list of supporting authority on January 19, 2015. ECF No. 121. The Court has considered those authorities, and finds this objection to be without merit.

    c. **Objection No. 3: The Notice of Settlement is difficult to read and unclear.** ECF No. 153, at 3. The Court had its own concerns about the proposed notice and claim form, which the Court discussed with the parties at the preliminary approval hearing. July 16, 2015 Hr'g Tr. at 3:15-21:17. The Court ordered the parties to file an amended notice of settlement and claim form. *Id.* at 42:7-14. The Parties did so on July 21, 2015. ECF No. 157. Accordingly, the Court finds that this objection is without merit.

      d. **Objection Nos. 4 & 5: The motion for settlement does not address Defendants' exposure or average class member payment.** ECF No. 153, at 3. The Court discussed this Objection with the Parties at the July 16, 2015 preliminary approval hearing. July 16, 2015 Hr'g Tr. at 31:20-36:16. Plaintiffs provided the Court with an analysis of Defendants' exposure under each of Plaintiffs' claims. *Id*. The Court finds that this objection is without merit.

      e. **Objection No. 6: The settlement fails to disclose details about the cy pres recipient.** ECF No. 153, at 4. The Court finds that this objection would be more properly raised at the December 17, 2015 final approval hearing.

Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Class Members for all matters relating to this Litigation, the Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agreement and this Order.

IT IS SO ORDERED.

DATED: August 6, 2015

                                                   _____
                                                   HON. LUCY H. KOH
                                                   United States District Judge